IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 AUG 11  P 12: 2

| | | |
|---|---|---|
| ARTHUR GRIFFIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 1:05cv771-M |
| | ) | |
| HITACHI KOKI, USA, LTD., | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## PARTIES

1. Plaintiff, ARTHUR GRIFFIN, at all times material to the allegations of this complaint were and is a resident citizens of Dale County, Alabama and are over the age of nineteen (19) years.

2. Defendant, HITACHI KOKI, USA, LTD., is a foreign corporation, incorporated in the State of Delaware and having its principal place in business in the State of Georgia at all times material to the allegations in this complaint.

## JURISDICTION

3. Jurisdiction is founded under the provisions of 28 U.S.C. § 1332 (a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## COUNT I

1

4. Plaintiff re-adopts and re-incorporates Paragraphs 1 through 3 as if fully set out herein.

5. On or about August 18, 2003, plaintiff, ARTHUR GRIFFIN, while cutting a piece of lumber, was severely injured when a Hitachi Koki circular saw pulled his hand into the saw blade. As a proximate result thereof, plaintiff, ARTHUR GRIFFIN, was severely injured.

6. On or about August 18, 2003, and for some time prior thereto, the defendant, HITACHI KOKI, USA, LTD., was engaged in the business of designing, manufacturing, selling and/or distributing circular saws and their component parts throughout the United States, including the State of Alabama, for use by certain members of the general public. Said defendant during said period of time and for a valuable consideration designed, manufactured, sold and/or distributed the circular saw which injured the plaintiff proximately causing his injuries as set out hereinafter.

7. At the aforesaid time and place, said circular saw and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The circular saw and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said circular saw and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

8. The foregoing wrongful conduct of said defendant was the proximate cause of plaintiff's injuries and renders said defendant liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly

and severally, in an amount of compensatory and punitive damages that exceeds the jurisdictional limits of this Court, together with interest from the date of injury, and the costs of this proceeding.

## **COUNT II**

9. Plaintiff re-adopts and re-alleges Paragraphs 1 through 8 as if fully set out herein.

10. The defendant, HITACHI KOKI, USA, LTD., as the designers, manufacturers, sellers and/or distributors of the circular saw and its component parts involved in the occurrence made the basis of plaintiff's complaint negligently and/or wantonly failed to warn plaintiff of the dangers associated with the use of said circular saw and its component parts due to its defective and unsafe condition as aforementioned and such negligent and/or wanton conduct was a proximate cause of plaintiff's injuries as set out below.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in an amount of compensatory and punitive damages that exceeds the jurisdictional limits of this Court, together with interest from the date of injury, and the costs of this proceeding.

## **COUNT III**

11. Plaintiff re-adopts and re-alleges Paragraphs 1 through 10 as if fully set out herein.

12. The defendant, HITACHI KOKI, USA, LTD., expressly and/or impliedly warranted that the circular saw and its component parts involved in the occurrence made the basis of the plaintiff's complaint was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that said defendant breached said expressed and/or implied warranties and that said circular saw and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said circular saw and its component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and

unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said defendant, plaintiff was caused to suffer the injuries as set out below.

13. On or before August 18, 2003, the defendant was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and/or Strict Liability Doctrine and said negligent, wanton, or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries and damages as set out below.

(a) Plaintiff was caused to be permanently injured.

(b) Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure his injuries.

(c) Plaintiff was caused to be permanently unable to pursue many of his normal and usual activities.

(d) Plaintiff's earning capacity was caused to be greatly and permanently diminished.

(e) Plaintiff has suffered mental anguish and emotional distress due to his injuries.

(f) Plaintiff has been permanently disfigured.

WHEREFORE, plaintiff demands judgment against the defendant, in an amount of compensatory and punitive damages that exceeds the jurisdictional limits of this Court, together with interest from the date of injury, and the costs of this proceeding.

_____
RUFUS R. SMITH, JR.
Attorney for Plaintiff
Bar Code No.: SMI-060

OF COUNSEL:

RUFUS R. SMITH, JR., ESQ.
P. O. Drawer 6629
Dothan, Alabama 36302
Phone: (205) 671-7959

_____
STEVEN W. COUCH
Attorney for Plaintiff
Bar Code No.: COU-014

OF COUNSEL:
HOLLIS & WRIGHT, P.C.
505 North 20th Street
Suite 1750
Birmingham, Alabama 35203
Phone: (205) 324-3600

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all counts herein in this action.

Respectfully submitted.

_____
OF COUNSEL

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

The plaintiff hereby requests that the clerk serve the defendants by certified mail, return receipt requested.



OF COUNSEL

**ADDRESSES OF ALL PARTIES**:

Arthur Griffin
270 Newton Avenue
Ozark, Alabama 36360


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL TO:**
HITACHI KOKI, USA, LTD
3950 Steve Reynolds Blvd,
Norcross, GA 30093-3061