**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ARTHUR GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:05-CV-00771-VPM** |
| | ) | |
| **HITACHI KOKI, USA, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# A N S W E R

NOW COMES the Defendant, Hitachi Koki, USA, Ltd., and for answer to Plaintiff's Complaint, states the following:

## PARTIES

1.     Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.     Defendant admits that it is a foreign corporation and further admits that it was incorporated in the State of Delaware and has its principal place of business in the State of Georgia.

## JURISDICTION

3.     No response required of this Defendant.

## COUNT I

4.     Defendant incorporates herein by reference its responses to Paragraphs 1 through 3 as if set out fully herein.

5.    Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.    Defendant denies that it designs and/or manufactures circular saws but does admit that it sells and/or distributes same, together with component parts, throughout the United States.  Defendant is without sufficient information and/or knowledge to either admit or deny that it sold and/or distributed the circular saw made the subject matter of Plaintiff's Complaint in that Plaintiff's Complaint is void of any meaningful description of the product at issue.

7.    Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

## COUNT II

9.    Defendant incorporates herein by reference its responses to Paragraphs 1 through 8 as if set out fully herein.

10.    Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

## COUNT III

11.    Defendant incorporates herein by reference its responses to Paragraphs 1 through 10 as if set out fully herein.

12.    Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant denies that it is guilty of any negligence which proximately caused the injuries and damages complained of by the Plaintiff.

### THIRD DEFENSE

Defendant denies that it is guilty of any wanton conduct which proximately caused the injuries and damages complained of by the Plaintiff.

### FOURTH DEFENSE

Defendant denies that the circular saw made the subject matter of Plaintiff's Complaint was either unreasonably dangerous and/or defective.

### FIFTH DEFENSE

Defendant denies that it breached any express and/or implied warranties which proximately caused the injuries and damages complained of by the Plaintiff.

### SIXTH DEFENSE

Defendant pleads the applicable four-year statute of limitations as to any and all claims for breach of express and/or implied warranties.

### SEVENTH DEFENSE

Defendant denies that the Plaintiff gave this Defendant the requisite notice to support the claim of breach of express and/or implied warranties.

## EIGHTH DEFENSE

Defendant denies that it violated the Alabama Extended Manufacturer's Extended Liability Doctrine, and that said alleged violation proximately caused the injuries and damages complained of by the Plaintiff.

## NINTH DEFENSE

Defendant pleads that the Plaintiff was himself guilty of contributory negligence which proximately caused his own injuries and damages, which bars his recovery in this case.

## TENTH DEFENSE

Defendant pleads that the Plaintiff assumed certain risks which proximately caused his own injuries and damages, which bars his recovery in this case.

## ELEVENTH DEFENSE

Defendant pleads that the Plaintiff misused and/or abused the circular saw made the subject matter of this lawsuit, which bars Plaintiff's recovery in this case.

## TWELFTH DEFENSE

Defendant pleads that the circular saw made the subject matter of Plaintiff's Complaint is no longer in substantially the same condition as when it was designed, manufactured, sold, and/or distributed, and that significant modifications and/or alterations were made to the product prior to the incident complained of by Plaintiff and that said substantial changes, modifications, and/or alterations bar Plaintiff's recovery from this Defendant.

## THIRTEENTH DEFENSE

Defendant pleads the applicable statutes of limitations which bar Plaintiff's claims.

## FOURTEENTH DEFENSE

That the incident and resulting injuries and damages complained of by the Plaintiff were caused by the intervening negligence and/or willful, intentional, reckless and wrongful conduct of persons and/or entities other than this Defendant.

## FIFTEENTH DEFENSE

That the injuries and damages set forth in Plaintiff's complaint were caused by the superceding events and/or actions and/or intervening causes of other entities, individuals and/or Defendants named herein.

## SIXTEENTH DEFENSE

Defendant pleads that this Court lacks personal jurisdiction over this Defendant.

## SEVENTEENTH DEFENSE

Defendant pleads that venue is improper.

## ADDITIONAL DEFENSE

Defendant denies that it is guilty of any conduct which entitles Plaintiff to recover punitive damages.

## ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment of the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

## ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural safeguards afforded criminal Defendant.

## ADDITIONAL DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## ADDITIONAL DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama, to impose against this Defendant punitive damages, which

are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**ADDITIONAL DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant, which are penal in nature, by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**ADDITIONAL DEFENSE**

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**ADDITIONAL DEFENSE**

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of Alabama 1901, in that said damages would be an excessive fine.

**ADDITIONAL DEFENSE**

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in Section 6-11-20, et seq., Code of Alabama, 1975, as amended.

**ADDITIONAL DEFENSE**

Defendant avers that it did not receive fair notice that the conduct that is alleged in Plaintiff's Complaint and amendments thereto might subject it to punishment.

**ADDITIONAL DEFENSE**

Defendant avers that they did not receive fair notice of the severity of the penalty that might be imposed for its alleged conduct set out in Plaintiff's Complaint and amendments thereto.

**ADDITIONAL DEFENSE**

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama, to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**ADDITIONAL DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant, which are penal in nature, by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**ADDITIONAL DEFENSE**

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### ADDITIONAL DEFENSE

Defendant avers that some or all of Plaintiff's medical expenses have been paid for by insurance, and/or some other form of payment other than by the Plaintiff See *Marsh v. Green*, 2000 WL. 1367607 (Ala. Sept. 22, 2000); Ala. Code § 12-21-45.

### ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

### ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that this Defendant will more fully comply with this state's laws in the future.

### ADDITIONAL DEFENSE

The Alabama Statute authorizing punitive damages, Alabama Code § 6-1-20 (1993), is constitutionally vague as written, construed, and applied.

### ADDITIONAL DEFENSE

The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring it from future misconduct.

**ADDITIONAL DEFENSE**

Defendant avers that it did not receive fair notice that the conduct that is alleged in Plaintiff's complaint might subject it to punishment.

**ADDITIONAL DEFENSE**

Defendant avers that it did not receive fair notice of the severity of the penalty that might be imposed for the alleged conduct set out in Plaintiff's complaint.

**ADDITIONAL DEFENSE**

Defendant pleads the applicability of the Alabama Legislature's Amendment to Alabama Code Section 6-11-21 (1975) with effective date of August 6, 1999.

**ADDITIONAL DEFENSE**

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

**ADDITIONAL DEFENSE**

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive

damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple Defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### ADDITIONAL DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal Defendant is placed in a position of distinct advantage over civil Defendant of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil Defendant.

### ADDITIONAL DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 and § 6-11-30 (1975), and thereby any claim for such damages is barred.

### ADDITIONAL DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, Code of Ala. (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the

State of Alabama, the Alabama Supreme Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

## ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendant for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate this Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I § 9 of the United States Constitution.

## ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount it is to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

**ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

**ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

**ADDITIONAL DEFENSE**

To the extent that punitive damages are imposed, they should not exceed the ratio articulated by the United States Supreme court in *State Farm v. Campbell*.

**ADDITIONAL DEFENSE**

Any demand for punitive damages is unconstitutional and violates Defendant's right to due process and equal protection guaranteed by the United States Constitution and the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tort-feasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tort-feasor.

**ADDITIONAL DEFENSE**

An award of punitive damages would violate this Defendant's rights under the Contracts Clause of Article I, Section 10 of the United States Constitution, and/or Article I, Section 22 of the Alabama Constitution.

## ADDITIONAL DEFENSE

An award of punitive damages would violate this Defendant's rights under Article I, Section 22, of the Alabama Constitution, which prohibits *ex post facto* laws.

## ADDITIONAL DEFENSE

Ala. Code § 6-11-21 bars any claim for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or Alabama Constitution in striking down this legislative mandate, and, therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## ADDITIONAL DEFENSE

Alabama Act No. 99-358 bars any claims for punitive damages to the extent that those claims exceed the bounds which the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

## ADDITIONAL DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being

subject to other judgments awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

## ADDITIONAL DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct, if any, in connection with the incident that is the subject of this lawsuit, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong. See *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

## ADDITIONAL DEFENSE

Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of the due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned: (a) any award of punitive damages against defendant under the evidence in this case could be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a showing of wanton or willful misconduct or upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no

predetermined limits; (c) use of the Alabama Pattern Jury Instruction 11.03 or similar instruction to the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages, and Defendant's alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages; (i) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (j) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or amount of the award, of punitive damages; (k) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant; (l) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (m) the procedures pursuant to which punitive damages

are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (n) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; (o) an award of punitive damages should not be permitted to be assessed for the acts of an agent or agents without any additional requirement of knowledge or fault on the part of the Defendant; (p) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law; and (q) the jury will not be able to assess the culpability of each defendant and return separate punitive damage awards.

## ADDITIONAL DEFENSE

Defendant pleads the limitations on punitive damages set forth in the United States Supreme Court's decision in _Cooper Indus, Inc. v. Leatherman Tool Group, Inc._, 532 U.S. 424 (2001), including the issue of whether punitive damages is an issue to be decided by the jury.

## ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial of punitive damages set forth in Alabama case law and cases such as _Hammond v. City of Gadsden_ and _Green Oil Company v. Hornsby_ is unconstitutionally vague and inadequate in the following respects:

(a)     The _Hammond_ and _Green Oil_ procedure provides no clearly defined standards for courts to apply in reviewing punitive damages;

(b)    The _Hammond_ and _Green Oil_ procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

(c)    The _Hammond_ and _Green Oil_ procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(d)    The _Hammond_ and _Green Oil_ procedure does not address or cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    The procedure is inadequate in that the trial court according to _Hammond_ and _Green Oil_ "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The _Hammond_ and _Green Oil_ procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

## ADDITIONAL DEFENSE

If multiple punitive damage awards were assessed against Defendant in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

## ADDITIONAL DEFENSE

The imposition of punitive damages sought by Plaintiff violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a

jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damages scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics.

(e)    No provision of the Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in cases such as _BMW of North America, Inc. v. Gore_, 517 U.S. 559 (1996), _State Farm Mut. Auto. Inc. Co. v. Campbell_, 123 S.Ct. 1513 (2003), _Cooper Indus., Inc. v. Leatherman Tool Group, Inc._, 532 U.S.

424 (2001), *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)    Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)    Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### ADDITIONAL DEFENSE

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend. 14) constitutional mandates for equal protection are violated.

### ADDITIONAL DEFENSE

Defendant pleads the applicable statute of repose set forth in Alabama Code § 6-5-500 through § 6-5-524 and, in particular, § 6-5-502(c) which bars Plaintiff's claims against this Defendant in that the product made the subject matter of Plaintiff's lawsuit was designed, manufactured and sold more than 10 years prior to the incident made the subject matter of this lawsuit.

### ADDITIONAL DEFENSE

That the Alabama Supreme Court exceeded its authority and erred in the case of *Lankford v. Sullivan, Long & Hagerty*, 416 So.2d 996 (Ala. 1982) in striking down, as unconstitutional, the statute of repose set forth in Alabama Code §6-5-502(c).

## ADDITIONAL DEFENSE

The wrongful conduct of others, including the Plaintiff, contributed to cause Plaintiff's injuries. Imposition of punitive damages against this Defendant without apportionment of fault between Defendant and all others who contributed to cause Plaintiff's decedent's injuries violates Defendant's due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and the United States of America.

## ADDITIONAL DEFENSE

Defendant avers that some or all of Plaintiff's medical expenses have been paid for by insurance, and/or some other form of payment other than by the Plaintiff. See *Marsh v. Green*, 2000 WL. 1367607 (Ala. Sept. 22, 2000); Ala. Code § 12-21-45.

s/James B. Carlson
James B. Carlson (ASB-7129-S78J)
Stephen R. Geisler (ASB-8605-E53G)
Attorneys for Defendant Hitachi Koki, USA, Ltd.
E-mail:jcarlson@sirote.com
        sgeisler@sirote.com

OF COUNSEL:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL  35255-5727
(205) 930-5100
(205) 930-5101 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rufus R. Smith, Jr., Esq.
Rufus R. Smith & Associates
P.O. Drawer 6629
Dothan, AL  36302-6629
*Attorney for Plaintiff*
*F:  (334) 671-7957*
*T:  (334) 671-7959*

Steven W. Couch, Esq.
Hollis & Wright, P.C.
505 North 20th Street
Suite 1750
Birmingham, AL  35203
*Attorney for Plaintiff*
*F:  (205) 324-3636*
*T:  (205) 324-3600*

s/James B. Carlson
Of Counsel