UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05-CV-00771-VPM |
| | ) |
| HITACHI KOKI, USA, LTD., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT HITACHI KOKI USA, LTD.'S
## ANSWER TO PLAINTIFF'S AMENDMENT TO COMPLAINT

COMES NOW the Defendant, Hitachi Koki USA, Ltd., and for answer to Plaintiff's Amendment to Complaint, states the following:

### COUNT IV

14. Defendant incorporates herein by reference its responses to each and every material averment of Plaintiff's original Complaint as if set out fully herein.

15. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Amendment to Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Amendment to Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of Plaintiff's Amendment to Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of Plaintiff's Amendment to Complaint.

19. Upon information and belief, Defendant admits the allegations set forth in Paragraph 19 of Plaintiff's Amendment to Complaint.

20. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 20 of Plaintiff's Amendment to Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Amendment to Complaint.

22. Defendant understands the allegations set forth in Paragraph 22 of Plaintiff's Amendment to Complaint are directed to Huff and Associates Construction Company, Inc. and not this Defendant. Should these allegations pertain to this Defendant, then as it relates to allegations concerning negligent, willful, wanton, reckless and/or intentional conduct, the same are denied. Defendant would admit that the Plaintiff is otherwise unable to prove his claims as against this Defendant if the Hitachi Koki circular saw and/or its component parts, including the saw's guarding system, are no longer available.

## **AFFIRMATIVE DEFENSES**

### **EIGHTEENTH DEFENSE**

Defendant pleads no causal relation.

### **NINETEENTH DEFENSE**

Defendant pleads spoliation of evidence as a bar to Plaintiff's recovery as against this Defendant.

## TWENTIETH DEFENSE

Defendant pleads that, without the circular saw, any of its component parts and the saw's guarding system, Plaintiff cannot prove, by substantial evidence, that this Defendant's product was defective and/or unreasonably dangerous.

## TWENTY-FIRST DEFENSE

Defendant pleads that the failure to preserve the circular saw, its component parts, and the saw's guarding system prejudices this Defendant and constitutes a failure to preserve key evidence and deprives this Defendant of the ability to establish a defense to Plaintiff's claims.

 

s/ James B. Carlson
James B. Carlson (ASB-7129-S78J)
Stephen R. Geisler (ASB-8605-E53G)
Attorneys for Defendant Hitachi Koki, USA, Ltd.
E-mail: jcarlson@sirote.com
        sgeisler@sirote.com

OF COUNSEL:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
(205) 930-5100
(205) 930-5101 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rufus R. Smith, Jr., Esq.
Rufus R. Smith & Associates
P.O. Drawer 6629
Dothan, AL 36302-6629
*Attorney for Plaintiff*
*F: (334) 671-7957*
*T: (334) 671-7959*

Steven W. Couch, Esq.
Hollis & Wright, P.C.
505 North 20th Street
Suite 1750
Birmingham, AL 35203
*Attorney for Plaintiff*
*F: (205) 324-3636*
*T: (205) 324-3600*


                                s/ James B. Carlson
                                Of Counsel