## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTHUR GRIFFIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO.:  1:05-CV-771-T** |
| | § | |
| **HITACHI KOKI, USA, LTD, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### HUFF & ASSOCIATES CONSTRUCTION COMPANY, INC.'S ANSWER TO PLAINTIFF'S AMENDMENT TO COMPLAINT

COMES NOW Defendant, Huff & Associates Construction Company, Inc. ("Huff"), and hereby answers the Plaintiff's Amendment to Complaint (Document 15) as follows:

### RESPONSE TO ALLEGATIONS

14.    Huff is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 1-13 in the Plaintiff's Original Complaint.

15.    For response to Paragraph 15 of the Plaintiff's Amendment to Complaint, Huff admits that Plaintiff was injured in the course of his employment.  Huff is without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 15 of the Plaintiff's Amendment to Complaint.

16.    Huff is without sufficient knowledge or information to admit or denies the allegations contained Paragraph 16 of the Plaintiff's Amendment to Complaint.

17.    The allegations contained in Paragraph 17 of the Plaintiff's Amendment to Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Huff denies each and every allegation in this paragraph of the

Plaintiff's Amendment to Complaint.

18.    Huff denies each and every allegation in Paragraph 18 of the Plaintiff's Amendment to Complaint.

19.    Huff admits that attorneys purporting to represent Plaintiff made inquires concerning the saw in question, otherwise it denies the allegations in Paragraph 19 of the Plaintiff's Amendment to Complaint.

20.    The allegations contained in Paragraph 20 of the Plaintiff's Amendment to Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Huff denies each and every allegation in this paragraph of the Plaintiff's Amendment to Complaint Complaint.

21.    Huff is without sufficient knowledge or information to admit or deny the allegations contained Paragraph 21 of the Plaintiff's Amendment to Complaint.

22.    Huff denies the allegations contained in Paragraph 22 of the Plaintiff's Amendment to Complaint.

## SECOND DEFENSE

Huff pleads the general issue and states that it is not guilty of the matters alleged in the Plaintiff's Amendment to Complaint.

## THIRD DEFENSE

Huff affirmatively alleges that the Plaintiff's alleged injuries and damages were the result of an independent intervening efficient cause.

## FOURTH DEFENSE

Huff denies that any action on its part proximately caused the Plaintiff's alleged injuries and damages.

**FIFTH DEFENSE**

Huff pleads affirmatively that the Plaintiff has contributed to his own injuries and damages, and Huff affirmatively pleads the doctrine of contributory negligence as a bar to his recovery in this case.

**SIXTH  DEFENSE**

Huff pleads the exclusivity provision of the Alabama Worker's Compensation Statute.

**SEVENTH DEFENSE**

Huff pleads all applicable provisions of the Alabama Worker's Compensation Statute.

**EIGHTH DEFENSE**

The Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH DEFENSE**

Huff states that the Plaintiff's claims for punitive damages unconstitutionally violate the United States Constitution and the Constitution of the State of Alabama.

**TENTH DEFENSE**

Huff denies that it is guilty of any conduct which entitles the Plaintiff to recover punitive damages.

**ELEVENTH  DEFENSE**

Huff avers that any award of punitive damages to the Plaintiff in this case would  be  in violation of the constitutional safeguards provided to it under the Constitution of the State of Alabama.

**TWELFTH DEFENSE**

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to it under the Constitution of the United States of America.

### THIRTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to it under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

### FOURTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### FIFTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of the procedural safeguards provided to Huff under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Huff is entitled to the same procedural safeguards accorded to criminal Defendants.

### SIXTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of the Self Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### SEVENTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in violation of the rights guaranteed by the Constitution of the United States of America and the

Constitution of the State of Alabama to impose punitive damages against Huff which are penal in

nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable

doubt" burden of proof required in criminal cases.

## EIGHTEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be in

violation of the Eighth Amendment to the Constitution of the United States of America in that

the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth

Amendment to the Constitution of the United States.

## NINETEENTH DEFENSE

Huff avers that any award of punitive damages to the Plaintiff in this case would be

violative of Article 1, Section 15 of the Constitution of the State of Alabama, 1901, in that the

damages would be an excessive fine.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments of the Constitution of the United States on the following separate and

several grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of
        the Fourteenth Amendment of the United States Constitution to
        impose punitive damages, which are penal in nature, against a civil
        Defendant upon the plaintiff's satisfying a burden of proof which is
        less than the "beyond a reasonable doubt" burden of proof required
        in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded
        fail to provide a reasonable limit on the amount of an award
        against Defendant, which thereby violates the Due Process Clause
        of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded
        fail to provide specific standards for the amount of the award of

punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

The Plaintiff's claim for punitive damages violates the Due Process Clause of Article I,

Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a)   It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the plaintiff's satisfying a burden of proof other than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Huff;

(c)   The procedures pursuant to which punitive damages are awarded are constitutionally vague;

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(e)   The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f)   The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

6

(g)    The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(h)    The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

## TWENTY-SECOND DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-THIRD DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code Section 6-11-21.  This statute provides that an award of punitive damages shall not exceed $250,000.00. In Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), the Alabama Supreme Court held Section 6-11-21 unconstitutional.  However, in recent decisions of the Alabama Supreme Court, several justices have indicated a willingness to revisit the constitutionality of Section 6-11-21 and the prior ruling in Henderson.  See Oliver v. Towns, No. 1970312 (Ala. Jan. 15, 1999); Goodyear Tire and Rubber Co. v. Vinson, No. 1972057 (Ala. Apr. 23, 1999) (Hooper, J., concurring specially). Huff adopts by reference and incorporates herein the discussion regarding the statutory limitation on punitive damages contained in the above cited decisions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claim for non-economic damages is limited in amount by the application of Alabama Code Section 6-5-544. This statute provides that an award of non-economic damages in a medical malpractice case shall not exceed $400,000.00.   In <u>Moore v. Mobile Infirmary Assoc.</u>, 592 So. 2d 156 (Ala. 1991), the Alabama Supreme Court declared Section 6-5-544 unconstitutional.  In <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993), the Alabama Supreme Court, relying on its decision in <u>Moore</u>, held Alabama Code Section 6-11-21 unconstitutional.  In <u>Henderson</u>, the Court noted that Sections 6-11-21 and 6-5-544 operated in basically the same fashion.  In recent decisions of the Alabama Supreme Court, several Justices have indicated a willingness to revisit the constitutionality of Section 6-11-21 (and necessarily Section 6-5-544) and the prior ruling in <u>Henderson</u>. <u>See</u> <u>Oliver v. Towns</u> No. 1970312 (Ala. Jan. 15, 1999); <u>Goodyear Tire & Rubber Co.  v. Vinson</u>, No. 1972057 (Ala. Apr. 23, 1999) (Hooper, J. concurring especially).   Huff adopts by reference and incorporates herein the discussion regarding the <u>Henderson</u> decision contained in <u>Oliver</u> and <u>Vinson</u>.

> **/s/ BENJAMIN C. WILSON**
> **(asb-1649-i54b)**
> **Attorney for Defendant**
> **Huff & Associates Construction Company, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON  & GARRETT, P.A.**
**184 Commerce Street**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3100**
**Fax:  (334) 481-0831**
**bcw@rsjg.com**

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2006 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven W. Couch
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203

James B. Carlson
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35255

/S/ BENJAMIN C. WILSON