IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO.: 1:05-CV-771-T |
| | § | |
| HITACHI KOKI, USA, LTD, et al., | § | |
| | § | |
| Defendants. | § | |

### JOHN T. HUFF'S ANSWER TO
### PLAINTIFF'S AMENDMENT TO COMPLAINT

COMES NOW the Defendant, John T. Huff, and hereby answers the Plaintiff's Amendment to Complaint (Document 27) as follows:

1. For response to Paragraph 23 of the Amended Complaint, this Defendant adopts and reasserts each and every defense or other material averment pled in response to all prior complaints and amendments.

2. This Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of the Amended Complaint.

3. The allegations contained in the first sentence of Paragraph 25 of the Amended Complaint are not directed at this Defendant. If a response is nonetheless required, this Defendant denies the allegations set forth in Paragraph 25 of the Amended Complaint. This Defendant is without sufficient information to admit or deny the allegation set forth in the second sentence of Paragraph 25 of the Amended Complaint.

4. This Defendant is without sufficient knowledge or information to admit or deny ownership of the saw allegedly at issue. Otherwise, this Defendant denies each and every allegation set forth in Paragraph 26 of the Amended Complaint.

1

5. This Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint.

6. This Defendant denies the allegations set forth in Paragraph 28 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims asserted by Plaintiff against this Defendant are barred by the applicable statute of limitations.

### SECOND DEFENSE

The Plaintiff's injuries, if any, were caused by his contributory negligence.

### THIRD DEFENSE

This Defendant pleads the provisions of Ala. Code § 25-5-11(c)(4).

### FOURTH DEFENSE

This Defendant is not guilty of "willful conduct" as required by law.

### FIFTH DEFENNSE

The plaintiff assumed the risk of any injury he allegedly sustained.

### SIXTH DEFENSE

This Defendant pleads all applicable provisions of the Alabama Worker's Compensation Act.

### SEVENTH DEFENSE

No act or omission by this Defendant proximately caused the alleged injuries.

**EIGHTH DEFENSE**

The Plaintiff's injuries, if any, were caused by an independent intervening cause.

**NINETH DEFENSE**

Venue is improper in the Southern Division of the Middle District of Alabama.

**TENTH DEFENSE**

The Plaintiff's claims are barred by the doctrines of *res judicata* and/or *estoppel*.

**ELEVENTH DEFENSE**

This Defendant denies that any action on its part proximately caused the Plaintiff's alleged injuries and damages.

**TWELFTH DEFENSE**

This Defendant states that the Plaintiff's claims for punitive damages unconstitutionally violate the United States Constitution and the Constitution of the State of Alabama.

**THIRTEENTH DEFENSE**

This Defendant denies that he is guilty of any conduct which entitles the Plaintiff to recover punitive damages.

**FOURTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to it under the Constitution of the State of Alabama.

**FIFTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to it under the Constitution of the United States of America.

**SIXTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to it under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

**SEVENTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**EIGHTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, this Defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

**NINETEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the Self Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against him, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against him which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-FIRST DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

## TWENTY-SECOND DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of Article 1, Section 15 of the Constitution of the State of Alabama, 1901, in that the damages would be an excessive fine.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award

    against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

### **TWENTY-FOURTH DEFENSE**

The Plaintiff's claim for punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a)  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the plaintiff's satisfying a burden of proof other than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

(c)  The procedures pursuant to which punitive damages are awarded are constitutionally vague;

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(e) The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f) The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(g) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(h) The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

### TWENTY-FIFTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SIXTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code Section 6-11-21. This statute provides that an award of punitive damages shall not exceed $250,000.00. In Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), the Alabama Supreme Court held Section 6-11-21 unconstitutional. However, in recent decisions of the Alabama Supreme Court, several justices have indicated a willingness to revisit the constitutionality of Section 6-11-21 and the prior ruling in Henderson. See Oliver v. Towns, No. 1970312 (Ala. Jan. 15, 1999); Goodyear Tire and Rubber Co. v. Vinson, No. 1972057 (Ala. Apr. 23, 1999) (Hooper, J., concurring specially). This Defendant adopts by reference and

incorporates herein the discussion regarding the statutory limitation on punitive damages contained in the above cited decisions.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for non-economic damages is limited in amount by the application of Alabama Code Section 6-5-544. This statute provides that an award of non-economic damages in a medical malpractice case shall not exceed $400,000.00. In <u>Moore v. Mobile Infirmary Assoc</u>., 592 So. 2d 156 (Ala. 1991), the Alabama Supreme Court declared Section 6-5-544 unconstitutional. In <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993), the Alabama Supreme Court, relying on its decision in <u>Moore</u>, held Alabama Code Section 6-11-21 unconstitutional. In <u>Henderson</u>, the Court noted that Sections 6-11-21 and 6-5-544 operated in basically the same fashion. In recent decisions of the Alabama Supreme Court, several Justices have indicated a willingness to revisit the constitutionality of Section 6-11-21 (and necessarily Section 6-5-544) and the prior ruling in <u>Henderson</u>. See <u>Oliver v. Towns</u> No. 1970312 (Ala. Jan. 15, 1999); <u>Goodyear Tire & Rubber Co. v. Vinson</u>, No. 1972057 (Ala. Apr. 23, 1999) (Hooper, J. concurring especially). This Defendant adopts by reference and incorporates herein the discussion regarding the <u>Henderson</u> decision contained in <u>Oliver</u> and <u>Vinson</u>.

**THIS DEFENDANT DEMANDS A TRIAL BY STRUCK JURY
ON ALL CAUSES SET FORTH IN THIS ACTION**

       **/s/ BENJAMIN C. WILSON**
       **(asb-1649-i54b)**
       **Attorney for Defendants,**
       **John T. Huff and**
       **Huff & Associates Construction Company, Inc.,**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON  & GARRETT, P.A.**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3100**
**Fax:  (334) 481-0831**
**bcw@rsjg.com**

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven W. Couch
Christopher Glover
**HOLLIS & WRIGHT, P.C.**
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203

James B. Carlson
Steven Robert Giesler
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Birmingham, Alabama 35255

Rufus Randolph Smith
**RUFUS R. SMITH, JR. & ASSOCIATES**
P.O. Drawer 6629
Dothan, Alabama  36302

/S/ BENJAMIN C. WILSON