IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR GRIFFIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CV-1:05CV771-M |
| | ) |
| HITACHI KOKI, USA, LTD., | ) |
| | ) |
|     Defendant. | ) |

## AGREED MOTION TO CONTINUE

    Plaintiff by counsel, moves to extend the discovery deadlines, including expert deadlines, until such time as discovery issues are resolved and newly added parties have responded. This Motion is unopposed. In support of said motion, Plaintiff states as follows:

    1. This is a complex product liability action involving the failure of a circular saw sold and distributed by Defendant, Hitachi Koki, USA, LTD. On March 20, 2006, Defendant, Hitachi Koki, USA, LTD., responded to Plaintiff's discovery alleging that Hitachi Koki, USA, LTD., did not manufacture or design the product at issue. Instead, Hitachi Koki USA, LTD., alleges that their sister and/or parent companies, Hitachi Koki Company, Ltd., and Fujian Hitachi Koki Company, Ltd., manufactured and designed the product at issue.

    2. Hitachi Koki, USA, LTD., did not produce any design or manufacturing documents and only one summary report on the recall at issue.[1] The defendants in

---

[1] Plaintiff is attempting to resolve the discovery issues herein discussed with defense counsel for Hitachi Koki, USA, Ltd.

this case have exclusive possession of the relevant information needed by Plaintiff to prosecute this case and render expert opinions. One case specifically discusses the fact that these vital internal documents are exclusively in the defendant's possession in a product liability case. See, *Kozlowski v. Sears, Roebuck & Co.,* 71 F.R.D. 594, 597 (D.C. Mass. 1976). One commentator noted:

> These internal documents are at the center of the distinctive discovery problems that arise in product liability litigation. The collective importance of the manufacturer's internal documents is undisputed. They clearly constitute the single most important body of evidence in a products case. Indeed, the contents of these documents are relevant not only to the defendant's liability but to virtually every issue in the case. In short, the plaintiff's attorney cannot adequately prepare the client's case until she obtains these documents.[2]

3. Plaintiff served his discovery in time to receive the documents necessary to formulate expert opinions within the Court's current Scheduling Order. Any expert report received prior to receiving these documents will omit volumes of information needed to adequately reply. It is only by not receiving these documents that Plaintiff is prejudiced in complying.[3]

4. Plaintiff has recently requested leave to amend his Complaint and add in the manufacturer and designer of the product at issue. This will insure all responsible parties and parties with relevant information are at the table. This motion was only recently filed and the parties, if granted, have not been added. Disclosure of expert information prior to the entrance of all parties would prejudice the Plaintiff.

---

[2] Francis Hare, January 1991.
[3] It is this counsel's understanding that Hitachi Koki USA, LTD., is searching to determine what documents they have and, if not, what duty they have to produce documents held by agents, sister corporations and/or parent corporations. This matter is being resolved between the parties, but will not likely be resolved in time for expert disclosure deadlines.

Wherefore, Plaintiff respectfully requests this Honorable Court extend all discovery deadlines, including expert for all parties, in order to bring additional parties in the case and have sufficient time to discover information on these issues prior to expert disclosures. In the alternative, Plaintiff requests this Court permit Plaintiff to amend his expert disclosures when these documents are produced and parties added.[4] This case is currently set for trial in the Fall of 2006 and no extension of that deadline is requested.

    s/Christopher D. Glover
Attorney for Plaintiffs

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama  35203
(205) 324-3600
(205) 324-3636 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of March, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James B. Carlson
Sirote & Permutt
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727

Rufus Smith
P.O. Drawer 6629
Dothan, AL 36302-0000

    s/Christopher D. Glover

---

[4] Hitachi Koki USA, LTD has agreed to the extension but the issue of the supplemented disclosures has not been discussed.