IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-1:05CV771-M |
| | ) | |
| HITACHI KOKI, USA, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

Plaintiff, Arthur Griffin, moves this Honorable to enter an Order compelling the production of the below described documents and items. In support of said motion, Plaintiff states as follows:

## INTRODUCTION

The Plaintiff, Arthur Griffin, was a construction worker in Dale County, Alabama for Huff & Associates Construction Company, Inc. On August 18, 2006, the Plaintiff was cutting a piece of lumber with a Hitachi Koki circular saw when the guard on the saw stuck in the open position permitting the laceration of the plaintiff's right index finger when the saw moved back towards the plaintiff.

Prior to the incident, on March 27, 2003, the Defendant, Hitachi Koki U.S.A., Ltd., announced a recall to repair the model of circular saws at issue in this case. The Hitachi recall, contained at Exhibit A, states, "[t]he lower blade guards on these saws can stick in the open position, exposing the blade and posing a serious laceration hazard."

Plaintiff's claims against Hitachi Koki U.S.A., Ltd., among others, include product liability allegations under the Alabama Extended Manufacturers Doctrine.

Plaintiff has repeatedly endeavored to resolve this dispute without involving this Honorable Court. Plaintiff's counsel emailed defense counsel for Hitachi Koki U.S.A., Ltd., ("Hitachi USA") on March 29, 2006 asking that they "review your responses and produce the design, manufacturing, and recall documents requested whether in the possession of the Norcross firm, Hitachi USA, Hitachi China or Hitachi Japan." (March 29 email at Exhibit B). The March 29 email asked Hitachi to respond in 10 days, which they did not.

A telephone conversation took place with defense counsel for Hitachi USA on April 17, 2004 concerning the production of the document discussed below. A subsequent email of that day, contained at Exhibit C, memorialized that conversation. Hitachi USA requested until April 19, 2006 to respond to Plaintiff's concerns, which they did not. Plaintiff's counsel visited with counsel for Hitachi USA concerning this issue at the deposition of the Plaintiff. Hitachi USA asked for more time to check on the issue.

On April 20, 2006, Plaintiff's counsel again emailed Hitachi USA stating, "Please let me know ASAP about the concerns in my below email. I do not want, but must file this motion by Friday in order to preserve my client's positions." (Exhibit D.) Hitachi USA's counsel informed Plaintiff's counsel on Friday, April 21, 2006, in a telephone conversation that they did not believe they had the documents, but he didn't know and would check with his associate. Plaintiff's counsel has been

unable to obtain a definitive answer following repeated requests concerning whether Hitachi USA is willing to produce the requested documents.

## DISCUSSION

On March 20, 2006, Defendant Hitachi Koki Company, Ltd., served discovery responses and first disclosed to Plaintiff that two foreign entities, Hitachi Koki Company, Ltd., ("Hitachi Japan") and Fujian Hitachi Koki Company, Ltd., ("Hitachi China") were responsible for the design and manufacture of the product at issue in this case. These entities are not presently parties to this litigation.[1]

Plaintiff requests an Order compelling production of the following documents and things[2]:

### A.    Subsequent Remedial Measurers

7.    Produce any and all documents of any type whatsoever including, but not limited to, invoice, sales orders, or written documents of any type indicating, addressing or growing out of any remedial or subsequent changes made to the saw described in the complaint.

RESPONSE:  Objection is made to this request on the grounds that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S POSITION:  There is nothing overly broad about information seeking information concerning any remedial or subsequent changes to the saw at issue in a product liability claim.

---

[1] Plaintiff sought Motion to Leave in order to amend his Complaint and Hitachi Koki Company, Ltd., and Fujian Hitachi Koki Company, Ltd.  The Court denied Plaintiff's motion due to timeliness.  A subsequent motion to reconsider is pending before the court as of the date of filing this motion on that issue.

[2] Hitachi USA's discovery responses are contained at Exhibit G.

The information is also relevant and subject to production. Documents produced by Hitachi USA indicate modifications were made to the recalled circular saws. Hitachi bates 0105 states, "Consumers should stop using the circular saws immediately and return them for a free modification. For more information on how to return the saw, consumers should contact Hitachi Koki U.S.C., Ltd., [sic] at (800) 706-7337 between 8 a.m. and 8 p.m., Monday through Friday." (Bates 0105 at Exhibit E). Another document, bates 0107, states, "At or about the same time as the modification of the existing saws was taking place, the General Manager contacted legal counsel regarding the Company's legal obligations regarding the saws." (bates 0107 at Exhibit F). The same document indicates the modifications took place in the United States and not Japan.

The USA defendant, not the Japanese or China corporations, received the circular saws for modifications. No information was received in discovery concerning the number of saws returned or what was done when they were returned. The standard for production of documents as opposed to introduction of evidence is well known and need not be recited. Federal Rule of Evidence 407 does, however, provide the basis for the introduction of the evidence and, thus, all that is needed to have this information produced:

> When, after injury or harm allegedly caused by an event, measurers are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. ***This rule does not require the exclusion of evidence of subsequent measurers when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.*** (emphasis added).

The law is clear and Defendant's objection is without legal basis and should be overruled. Hitachi should produce all documents and information regarding modifications to these saws.

**B.    Design, Manufacturer and Assembly Documents**

On multiple occasions, Hitachi USA alleged they were not the designer, manufacturer or assembler of the product at issue in this case and, thus, not in "possession" of the documents being requested. See, Request for Production #s 8, 9, 10, 11, 13, 16, 18 and Interrogatory #s 4, 5, 6, 7, and 8. The question at issue is not whether the documents are in the "possession" of Hitachi USA.

Documents produced by Hitachi USA identify Hitachi Japan as "Hitachi's parent company." See, Exhibit F. Hitachi USA has an obligation to produce the documents held in the possession of Hitachi Japan and Hitachi China. The controlling law is Federal Rules of Civil Procedure 33(a) and 34(a)(1).

Rule 33(a) requires that a party answering interrogatories must furnish information "as is available to him." It can hardly be argued that information held by the Japanese parent corporation is not "available" to Hitachi USA. On document produced by Hitachi USA evidences the close relationship between the corporations, "[t]he parent company, its board, and appropriate Hitachi personnel in the United States have recently assessed the testing results and the Company's obligations and concluded to file this report." It is clear that Hitachi USA have collaborated on the issues regarding this product. It can not reasonably be argued that information regarding this product, and in the possession of it's parent corporation, is not "available" to Hitachi USA for the purpose of responding to discovery.

Rule 34(a)(1) requires a party to produce documents and things, which are in his "possession, custody and control." The 11th Circuit looked at this issue in Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984) holding, "control is the test with regard to the production of documents [and] is defined not only as possession, but as the legal right to obtain the documents requested on demand". See also, In re Folding Carton Antitrust Litigation, 76 F.R.D. 420, 423 (N.D. Ill. 1977) ("the test is whether the party has a legal right to control or obtain" the documents); and C. Wright & A. Miller, 8 Federal Practice & Procedure § 2210 ("Control is defined . . . as the legal right to obtain the documents required on demand").

A similar issue arose in the Northern District of Illinois when Plaintiffs and defendants filed motions to compel the production of documents in an antitrust action filed against the manufacturers of folding cartons. In re Folding Carton Antitrust Litigation, 76 F.R.D. 420, 422 (N.D. Ill. 1977). The court found each party was entitled to certain requested information based on the facts and circumstances of the case. Id. at 431. The court observed that it was "well settled that a Rule 34 motion for the production of documents is entitled to broad and liberal treatment" and that a "party need not have actual possession of documents to be deemed in control of them." Id. at 423 (citing Goldman v. Checker Taxi Co., 325 F.2d 853 (7th Cir. 1963)). Hitachi USA's objection that they are not in "possession" of the documents requested is without merit.

Gerling Int'l Ins. Co. v. Commr of Internal Revenue, 839 F.2d 131, 140 (3rd Cir. 1988) discussed whether documents were in the "possession, custody or control" of a party. The court observed "[w]here the litigating corporation is the subsidiary

and the parent possesses the records, control has been found to exist where the 'alter ego' doctrine warranted piercing the corporate veil," and discussed <u>Afros, S.P.A. v. Krauss-Maffei Corp.</u>, 113 F.R.D. 127 (D. Del. 1986). The court noted "[w]here the relationship is thus such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party," and that the "few cases involving sister corporations under common control follow the same pattern as the cases involving a litigating subsidiary." <u>Gerling</u>, 839 F.2d at 141. I don't think it can be argued that Hitachi USA cannot access the documents by request from the Japanese and China parent and sister corporations.

Perhaps the case most on point is the product liability case of <u>Kozlowski v. Sears, Roebuck & Co.</u>, 73 F.R.D. 73 (D. Mass. 1976). In <u>Kozlowski, a</u> minor who suffered severe burns after his pajamas were "caused to ignite" brought a products liability action against the manufacturer and marketer of the pajamas. <u>Kozlowski v. Sears, Roebuck & Co.</u>, 73 F.R.D. 73, 74 (D. Mass. 1976). After a default judgment was entered against it, the defendant marketer motioned the court to remove said default judgment. <u>Id.</u> at 74-75. The court denied the motion, in part due to various discovery issues. <u>Id.</u> at 76-77. The court observed "[m]erely because compliance with a "Request for Production" would be costly or time-consuming is not ordinarily sufficient reason" for the party to avoid compliance "where the requested material is relevant and necessary to the discovery of evidence." <u>Id.</u> at 76 (citing <u>Luey v. Sterling Drug, Inc.</u>, 240 F. Supp. 632, 634-635 (W.D. Mich. 1965)). As the

documents sought were "clearly within the scope" of Fed. R. Civ. P. 26(b), the court found the defendant had a duty under Fed. R. Civ. P. 34 to produce records of similar suits. Id. The court also found the defendant's failure to "***pose any inquiry***" to its manufacturer, Russell Mills, Inc., "***undermine[d] the defendant's assertion that it [had] produced all documents available to it," as "[i]t is well established that a private corporation cannot avoid producing documents by an allegation of 'impossibility' if it can obtain the requested information from the sources under its control.***" Id. at 76. (emphasis added).

The consensus of the cases addressing this issue point to the fact that Hitachi USA cannot play hide and go seek with the documents held by it's Japanese parent company and China sister company. There is no evidence to suggest that they have made the least effort to requests these documents. Hitachi USA clearly has an obligation to do so and the documents and information should be produced.

**C.    Similar Products**

Hitachi USA objected to Plaintiff's request for information on "similar products" due to the fact that the term was undefined. See, Interrogatory #s 10, 11, 12, 14, 15, 16, 17, 18, 19, and 20.  In the first email on Hitachi USA's responses, Plaintiff defined the term stating, "Your discovery responses also indicate that plaintiff failed to identify 'similar' saws. Similar saws are saws with model numbers C7SB2 and C7BDT as is indicated in the recall documents you provided. Please review your client's responses and produce documents on these similar products." See, Exhibit B.  Plaintiff's definition could not have been clearer than actually identifying the model numbers requested. These model numbers were chosen by

referencing the recall documents and identifying the circular saws that have the same

defect requiring a recall.    Hitachi USA, despite having the exact definition of

"similar saws" failed to supplement their response and provide any information.

**D.    Recall Testing**

Hitachi USA clearly conducted testing to determine the cause of the lower

guard sticking, which eventually led to the recall.  Bates 0107, contained at Exhibit

F, tells the story:

> In or about the first week of February 2003, a Lowe's store manager
> (Lowe's retail outlet for Hitachi saws) called Hitachi's Service Manager
> and verbally conveyed a customer's complaint that the lower guard on
> his Hitachi saw would stick in the open position if opened to the fullest
> extent.  The Sales Manager immediately notified the General Manager
> of the complaint.  The General Manager and Service Manager directed
> that testing of Hitachi's circular saws take place.  The testing, which
> occurred in Norcross, Georgia, revealed that the lower guards on some
> of the saws with model numbers C7SB2 and C7BD2 may stick in the
> open position if opened to their fullest extent.  The Assistant to the
> President alerted Hitachi's parent company in Japan, where additional
> testing took place that confirmed the same results.

Hitachi USA has failed to produce any information whatsoever concerning

the directions to conduct this testing or the testing itself.  Hitachi's own documents

clearly point out that it was Hitachi USA that directed the testing, conducted the

testing, and was informed on the results of the testing.  It was only after that testing

was the Japanese corporation "alerted."  This information should be produced as

should the testing that occurred in Japan.

## CONCLUSION

Hitachi USA's responses were evasive and contrary to the law.    The

documents produced provided little more than information evidencing the fact that

more documents exists.  Hitachi USA did not fulfill its duties to obtain and provide

documents under the Federal Rules of Civil Procedure. The company's actions since those responses were provided have been little more than dilatory.

Plaintiff requests this Honorable Court enter an Order overruling Hitachi's objections and compelling Hitachi USA to amend its responses and produce the requested information.

s/Christopher D. Glover
Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 24th day of April, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James B. Carlson
Sirote & Permutt
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727

Benjamin C. Wilson
Rushton, Stakely, Johnston & Garrett
P.O. Box 270
184 Commerce Street
Montgomery, AL 36101-0270

Rufus Smith
P.O. Drawer 6629
Dothan, AL 36302-0000

s/Christopher D. Glover