## Chris Glover

| | |
|---|---|
| From: | Chris Glover |
| Sent: | Monday, April 17, 2006 6:10 PM |
| To: | 'jcarlson@sirote.com'; 'sgeisler@sirote.com' |
| Subject: | FW: Griffin v. Hitachi |

Jim,

This email is to follow up our conversation of this afternoon. I sent you the below email and discussed with you my position that your client has not fully responded to Plaintiff's discovery. I believe the case law supports my position that the design, manufacture and recall documents of your client and its parent corporations should be produced through your client. Today you informed me you had not discussed this with your client and did not know your client's position on this issue. I appreciate that you have been tied up with another case and I am happy to provide additional time to respond as you requested.

I now understand you would like to depose my expert and have unilaterally chosen May 1, 2006 to take this deposition. I must have these documents prior to any deposition of my expert. My earlier email asked that you provide your response on this issue by April 8, 2006. I have now agreed to give you until April 19, 2006 to let me know your position. I believe we would both prefer to resolve this situation between each other. I must have a response by Wednesday, April 19, 2006. I will file a Motion to Compel on the discovery as well as a Protective Order on the deposition if we cannot resolve this situation on Thursday.

As discussed in the below email, certain documents are in the control and custody of your client and not the parent corporation. Those documents, the recall and testing documents from Georgia, should be produced immediately. The documents you previously produced, Bates O107, are clear the U.S. division knew of and took part in the Georgia testing. No documents from the Georgia testing were produced.

Christopher D. Glover
Hollis & Wright, P.C.
Financial Center
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205)324-3600
(205)324-3636
chrisg@hollis-wright.com

```
This electronic mail transmission may contain confidential information which is
legally privileged. The information is intended only for the use of the individual
or entity named above. If you are not the intended recipient or the person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution, or use of the information contained in
this transmission is strictly prohibited. If you received this transmission in
error, please immediately notify us by telephone and mail the original transmission
to us. Thank you.
```

-----Original Message-----
**From:** Chris Glover
**Sent:** Wednesday, March 29, 2006 5:38 PM
**To:** 'jcarlson@sirote.com'; 'sgeisler@sirote.com'
**Subject:** Griffin v. Hitachi

Jim,
I am in receipt of your discovery responses in this case. These responses provided very little information, which puts me in a bind with upcoming expert disclosure deadlines approaching.

PLAINTIFF'S EXHIBIT C

4/17/2006

Your client's responses repeatedly stated, "[d]efendant is neither the designer, manufacturer nor assembler of the product at issue in this case. Therefore, it is not in possession of the documents being requested herein." The language of the discovery rules do not justify your client's failure to furnish the requested documents. The express wording of the rules make it clear that your client has an affirmative duty to conduct an inquiry to locate information for the very purpose of responding to discovery requests. Rule 33(a) requires that a party in answering interrogatories must furnish information "as is **available** to him." Rule 34(a)(1) requires a party to produce documents and things which are in his "possession, custody, and **control.**" It is also important to note that Rule 26 (g) imposes on an attorney an affirmative duty to make a "reasonable inquiry" before responding to a discovery request.

In general, a corporate defendant's duty to respond to a discovery request extends to information that is "reasoanble available" to it. See, Advisory Committee Notes, 48 F.R.D. 487 (1971). One document, bates 0107, is extremely clear that Hitachi's "General Manager and Service Manager directed that testing fo Hitatchi's circular saw take place." This was after a call from Lowes to Hitachi's Service Manager. This would not be a call made to the Japanese entity, but to your client. It later states that "[t]he Assistant to the President alerted Hitachi's parent company in Japan, where additional testing took place that confirmed the same results." Neither of the Georgia or Japan testing or documents connected to this testing was produced. I ask that yourclient produce that testing.

The same document later states that Hitachi's parent company sent engineers to Norcorss to modify the saws in Hitachi's possession to prevent the lower guard from sticking. It is clear that Hitachi USA worked closely together with it's parent company in Japan in responding to this recall. The document states, "The parent company, its board, and appropriate Hitachi personnell in the United States have recently assessed the testing results and the Company's obligations and concluded to file this report." Your client should not be able to hide as a subisidary company and not produce documents in which it clearly had a role in reviewing and/or formulating.

The defendant must furnish information and produce docuetns concerning which it has a legal right to control or where the company has the right to obtain possession of the document. See Haseote v. Aracab Int. Computers, Inc., 120 F.R.D. 12 (D. Mass. 1988); Pilling v. General Motors Corp., 45 F.R.R. 366 (D. Utah); In re Folding Carton Antitrust Litigation, 76 F.R.D. 420 (D.C. Ill. 1977); see also, In re Anschuetz, 754 F.2d 602, 606 (5th Cir. 1985) (reversed on other grounds); Garling International Ins. Co. v. C.I.R. 839 F.2d 131, 140 (3rd Cir. 1988). These are but a few of the cases that support the finding that your client must obtain the documents plaintiff requests. Courts have construed this duty as requiring a party to seek information form his agent or other persons who have acted on its behalf. See, Stengel v. Kawasaki Heavy Industries, Ltd., 116 F.R.D. 263, 266 (N.D. Tex 1987). This application of the law would require your client to produce both the Japanes and Norcross documents. A retail vendor even is required to inquire from a manufacturer in order to respond to discovery. See, Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73 (D. Mass. 1976). A corporation may be required to furnish information and produce documents from a sister corporation, parent corporation or foreign branches. West v. Johnson & Johnson Products, Inc., 220 Cal. Rptr. 437 (Cal.App.1976; Perini America, Inc. v. Paper Converting Machine Co., 559 F.Supp. 552, 554 (E.D. Wis. 1983); In re Grand Jury Supboena, 72 F.Suppp. 1013 (D.N.Y. 1947); United States v. Bank of Nova Scotia, 691 F.2d 1384 (11th Cir. 1982); Afros S.P.A. v. Krauss Maffei Corp., 113 F.R.D. 127, 130 (D.Del.1986). There are many many more cases in support of these principles.

I ask that you review your responses and produce the design, manufacturing and recall documents requested whether in the possession of the Norcross firm, Hitachi USA, Hitachi China, or Hitachi Japan.

Your discovery responses also indicate that plaintiff failed to identify "similar" saws. Similar saws are saws with model numbers C7SB2 and C7BD2 as is indicated in the recall documents you provided. Please review your client's responses and produce documents on these similar products.

Your responses have, at times, refused to produce information and documents regarding remedial measures. This is a recall case. What they did to correct the problem is relevant and, at the least, should be produced.

Due to expert disclosure deadlines, please let me hear from you within the next 10 days.

Christopher D. Glover
Hollis & Wright, P.C.
Financial Center

4/17/2006

505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205)324-3600
(205)324-3636
chrisg@hollis-wright.com

This electronic mail transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained in this transmission is strictly prohibited. If you received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

4/17/2006