## Chris Glover

**From:** Chris Glover
**Sent:** Thursday, April 20, 2006 12:35 PM
**To:** 'jcarlson@sirote.com'; 'sgeisler@sirote.com'
**Subject:** FW: Griffin v. Hitachi

Please let me know ASAP about the concerns in my below email. I do not want but must file this motion by Friday in order to preserve my client's positions.


Christopher D. Glover
Hollis & Wright, P.C.
Financial Center
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205)324-3600
(205)324-3636
chrisg@hollis-wright.com

```
This electronic mail transmission may contain confidential information which is
legally privileged. The information is intended only for the use of the individual
or entity named above. If you are not the intended recipient or the person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution, or use of the information contained in
this transmission is strictly prohibited. If you received this transmission in
error, please immediately notify us by telephone and mail the original transmission
to us. Thank you.
```


-----Original Message-----
**From:** Chris Glover
**Sent:** Monday, April 17, 2006 6:10 PM
**To:** 'jcarlson@sirote.com'; 'sgeisler@sirote.com'
**Subject:** FW: Griffin v. Hitachi

Jim,
This email is to follow up our conversation of this afternoon. I sent you the below email and discussed with you my position that your client has not fully responded to Plaintiff's discovery. I believe the case law supports my position that the design, manufacture and recall documents of your client and its parent corporations should be produced through your client. Today you informed me you had not discussed this with your client and did not know your client's position on this issue. I appreciate that you have been tied up with another case and I am happy to provide additional time to respond as you requested.

I now understand you would like to depose my expert and have unilaterally chosen May 1, 2006 to take this deposition. I must have these documents prior to any deposition of my expert. My earlier email asked that you provide your response on this issue by April 8, 2006. I have now agreed to give you until April 19, 2006 to let me know your position. I believe we would both prefer to resolve this situation between each other. I must have a response by Wednesday, April 19, 2006. I will file a Motion to Compel on the discovery as well as a Protective Order on the deposition if we cannot resolve this situation on Thursday.

As discussed in the below email, certain documents are in the control and custody of your client and not the parent corporation. Those documents, the recall and testing documents from Georgia, should be produced immediately. The documents you previously produced, Bates O107, are clear the U.S. division knew of and took part in the Georgia testing. No documents from the Georgia testing were produced.

PLAINTIFF'S EXHIBIT D

4/21/2006