# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ARTHUR GRIFFIN,         )
          )
     Plaintiff,       )
          )
v.                )     **CASE NO. 1:05-CV-00771-VPM**
          )
HITACHI KOKI, USA, LTD.,   )
          )
     Defendant.    )

## DEFENDANT HITACHI KOKI USA, LTD.'S
### RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

COMES NOW the Defendant, Hitachi Koki USA, Ltd., and in response to Plaintiff's Request for Production, states the following:

### GENERAL OBJECTIONS

Objection is made to the terminology "saws similar," "similar products" and "substantially similar products" on the grounds that said terminology is undefined in Plaintiff's Request for Production and, without more, constitutes overly broad generic terminology which may describe very different types of products. This terminology has no directive meaning for purposes of discovery without specific identification, has no generally accepted technical meaning and is not limited by any workable definition offered by the Plaintiff and unlimited as to time.



PLAINTIFF'S EXHIBIT
G

DOCSBHM\1385341\1\

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Produce true and correct copy of any written statement or report of the occurrence made the basis of this lawsuit.  This shall include, but not be limited to any statement made by the plaintiffs or their family members.

**RESPONSE: With the exception of Plaintiff's Complaint, this Defendant is not in possession of any written statement or report being requested.**

2.     Produce any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the product involved in said occurrence.

**RESPONSE: The only photographic reproductions of the items requested herein are in the possession of counsel for this Defendant.  Counsel for this Defendant has photographed the carrying case and subject circular saw.  These photographs are available for inspection.**

3.     Produce any investigation or report made by or for this defendant of or pertaining to the occurrence made the basis of this lawsuit.  if so, as to each such investigation or report, state the name, job title and business and residence addresses of each person now having possession, custody or control of any documents reflecting the results of the investigation or report.  This shall include, but not be limited to any reports by expert witnesses.

**RESPONSE: With the exception of any investigative work and/or report that has been generated by counsel for this Defendant, this Defendant is not in possession of such materials.  Objection is made to producing those documents and things which may have been generated by counsel for this Defendant on the grounds that same is protected by attorney work product and attorney-client privilege.  With regard to any reports by expert**

witnesses, these reports, if any, will be produced in accordance with the Court's Scheduling Order.

    4.      Produce the operator's manual for the saw made the basis of this suit.

    **RESPONSE: See instruction manual attached hereto.**

    5.      Produce any and all documents, including, but not limited to, any type of manuals, pamphlets, flyers, e-mail, notes, memoranda, warnings, warning labels, instructions, sent and/or sold with the circular saw made the basis of this suit to any distributors at any time.

    **RESPONSE: See instruction manual and warranty card attached hereto.**

    6.      Produce any and all documents, investigations, studies, tests, e-mails, notes and/or memoranda concerning the recall of the product forming the basis of this suit.

    **RESPONSE: See recall documents attached hereto.**

    7.      Produce any and all documents of any type whatsoever including, but not limited to, invoices, sales orders, or written documents of any type indicating, addressing or growing out of any remedial or subsequent changes made to the saw described in the complaint.

    **RESPONSE: Objection is made to this request on the grounds that it is overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.**

    8.      Produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the product referred to in the complaint.

    **RESPONSE: Defendant is neither the designer, manufacturer nor assembler of the product at issue in this case. Therefore, it is not in possession of the documents being requested herein.**

9.    Produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the guard system that is incorporated into the product referred to in the complaint.

**RESPONSE: Defendant is neither the designer, manufacturer nor assembler of the product at issue in this case. Therefore, it is not in possession of the documents being requested herein. Defendant directs Plaintiff's attention to recall documents previously referenced and attached.**

10.    Produce each and every document, note, memorandum, item of correspondence or other document relating to any recommendations made by any entity or person, whether they are an agent of this defendant or not, regarding any quality control aspects of this defendants' (*sic.*) manufacturing procedure for this saw or saws similar to the one made the basis of plaintiff's complaint.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, Defendant states that since this Defendant does not manufacture the product made the subject matter of Plaintiff's lawsuit or even saws similar to the one that is at issue, this Defendant is not in possession of the documents and things being requested herein.**

11.    Produce any and all policy and/or procedure manuals or any written information related to the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

**RESPONSE: Defendant is not in possession of documents and things being requested herein.**

12.    Produce any and all documents evidencing reports or complaints of any problems with the subject product made by any person whether such report was made in writing or verbally, and whether or not any injury was involved.

**RESPONSE: Objection is made to this request on the grounds that it is overly broad and lacking in specificity, thereby making the request irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.**

13.    Produce all engineering change requests or change orders applicable to the saw described in the complaint. Please produce all documents that reflect such changes.

**RESPONSE: This Defendant is not in possession of any documents and things that would be responsive to this request.**

14.    Produce any and all statements, whether recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

**RESPONSE: None.**

15.    Produce any and all statements, whether recorded or written, taken of any witness or anyone with knowledge of the incident.

**RESPONSE: None.**

16.    Produce all standards which pertain to the design, manufacture, use or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, Defendant states that this Defendant is not in possession of such documents.**

17.    Produce all warnings or directions which were placed on (*sic.*) saw described in the complaint.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, this Defendant is not in possession of any of the documents and things being requested herein.**

18.    Produce any and all contracts, including any addendum thereto, between the defendant and any entity in the distributive chain relating to the procurement, manufacture and/or design of the product involved.

**RESPONSE: This Defendant is not in possession of any of the documents and things being requested herein.**

19.    Produce a copy of any and all warranty claims for the product or any substantially similar products involving the saw.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, objection is made to this request on the grounds that it is overly broad and lacking in specificity, thereby making the request irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.**

20.    Produce any document containing information regarding whether or not the product described in the complaint is presently in the same or substantially the same condition as (1) at the time of and immediately prior to the occurrence made the basis of this complaint and (2) at the time said product left this defendant's possession.

**RESPONSE: Defendant can state that, based upon photographs taken by counsel for this Defendant, the circular saw appears to be in substantially different condition from the time when it left this Defendant's possession.**

21.    Produce any documents evidencing reports or complaints of any problems with the subject product made by any person and whether such report was made in writing or verbally, and whether or not any injury was involved.

**RESPONSE: Objection is made to this request on the grounds that it is overly broad and lacking in specificity, thereby making it irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.**

22.    Produce any approvals issued of the product has (*sic.*) from any person, corporation, association, consumer group, or any other entity.  Please include the following:

    (a)    The name and address of the person, corporation, organization, association, group of (*sic.*) other entity which issued the approval;

    (b)    The date the approval was issued;

    (c)    The products manufactured by this defendant which were included in the approval;

    (d)    The certificates of approval.

**RESPONSE: See the 2005 Tool Guide issued by Fine Homebuilding and Fine Woodworking Magazine pertaining to the C7SB2 Circular Saw, which received the Best Value Award, attached hereto.  See also UL Test Report attached hereto.**

23.    Produce any test or test studies from any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, who conducted any test or test study to determine

the safety of the product referred to in the complaint or similar products at any time prior to the occasion made the basis of this suit.

**RESPONSE**: **Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, Defendant is not in possession of any documents and things that would be responsive to this request.**

AS TO OBJECTIONS:

James B. Carlson (ASB-7129-S78J)
Attorney for Defendant Hitachi Koki, USA, Ltd.

James B. Carlson (ASB-7129-S78J)
Stephen R. Geisler (ASB-8605-E53G)
Attorneys for Defendant Hitachi Koki, USA, Ltd.
E-mail:jcarlson@sirote.com
          sgeisler@sirote.com

OF COUNSEL:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL  35255-5727
(205) 930-5100
(205) 930-5101 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the _20_ day of March, 2006:

Rufus R. Smith, Jr., Esq.
Rufus R. Smith & Associates
P.O. Drawer 6629
Dothan, AL 36302-6629
Attorney for Plaintiff

Steven W. Couch, Esq.
Christopher D. Glover, Esq.
Hollis & Wright, P.C.
505 North 20th Street
Suite 1750
Birmingham, AL 35203
Attorney for Plaintiff

Benjamin C. Wilson, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

Of Counsel

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTHUR GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:05-CV-00771-VPM** |
| | ) | |
| **HITACHI KOKI, USA, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT HITACHI KOKI USA, LTD.'S
## RESPONSES TO PLAINTIFF'S INTERROGATORIES

COMES NOW the Defendant, Hitachi Koki USA, Ltd., and for answer to Plaintiff's Interrogatories, states the following:

### GENERAL OBJECTIONS

Objection is made to the terminology "similar products" on the grounds that said terminology is undefined in Plaintiff's interrogatory and, without more, is an overly broad generic terminology which may describe very different types of products. This terminology has no directive meaning for purposes of discovery without specific identification, has no generally accepted technical meaning and is not limited by any workable definition offered by the Plaintiff and unlimited as to time.

### INTERROGATORIES

1.      State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risks or losses on the date of the occurrence made the basis of this lawsuit, along with the limits of liability for each such policy.

DOCSBHM\1378039\1\

**RESPONSE**: **Sompo Japan Insurance, Inc.   Limits:   $3,500,000/per occurrence;**
**$10,000,000/aggregate.**

**See policy attached to Defendant's Initial Disclosures.**

2.      State whether this defendant has or knows of any photographs or motion pictures
of the persons, places or things involved in the occurrence made the basis of this lawsuit,
including the scene of said occurrence, the product involved in said occurrence and the
manufacturing process of said product or similar products.

**RESPONSE**: **The only photographic reproduction of the items requested herein are**
**photographs taken of the circular saw taken by counsel for this Defendant.**

3.      State whether or not this defendant designed, manufactured and/or assembled the
product.  If not, give the name and address of the person, firm,  corporation or entity that did
design, manufacture and/or assemble said product.  If so, state:

> (a)      The respective dates the product was designed, assembled and/or
>
> manufactured;
>
> (b)      The date the product was sold and the person or entity to whom the
>
> product was sold.

**RESPONSE**: **No.**

> **Designed by:**
> **Hitachi Koki Company, Ltd.**
> **Shinagawa Intercity Tower A**
> **20th Floor, 15-1, Konan 2-Chome, Minato-KU**
> **Tokyo, 108-6020**
>
> **Manufactured by:**
> **Fujian Hitachi Koki Company, Ltd.**
> **Hutang, Fuxing Investment Zone**
> **Fuzhou, Fujian, China**

**(a)      Not known.**

(b)    **October 2002.**

4.    Describe in detail each and every type of safety device or safety feature designed in the product in the complaint herein and state whether each respective device or feature was incorporated into said product when said product was manufactured and/or assembled by this defendant.

**RESPONSE: This Defendant did not manufacture or assemble the subject product. Defendant refers Plaintiff to documents produced in response to Requests for Production concerning safety devices and/or safety features associated with the subject circular saw.**

5.    State the name and address of the person(s) and/or employee(s) of this defendant who is most knowledgeable about the design, manufacture and/or operation of the product and any recalls of said product.

**RESPONSE: Mr. Perry Hackney  -        Operation**
**Mr. Benjie Hopkins  -        Recall**
**Hitachi Koki, USA, Ltd.**
**3950 Steve Reynolds Boulevard**
**Norcross, GA  30093**

6.    Please list and describe any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded document relating to the design, manufacture or assembly of the product, and separately and severally for each such document:

> (a)    The name and address of the person who authored or formulated the
>        document;

> (b)    The date of the document;

> (c)    The content of the document;

> (d)    The purpose of the document;

(e)    The name, address and job title of the person who now has custody,

control or possession of the document.

**RESPONSE: Since this Defendant neither designed, manufactured nor assembled the subject product, it is not in possession of such information.**

(a)    **Not applicable.**

(b)    **Not applicable.**

(c)    **Not applicable.**

(d)    **Not applicable.**

(e)    **Not applicable.**

7.    State the name, address, employer and job description of the person or persons responsible for incorporating safety devices and safety features relating to the blade sticking in the open position and/or lower guards sticking in the open position or otherwise in the product described in the complaint.

**RESPONSE: Since this Defendant neither designs, manufactures nor assembles the subject product, there is no person employed with this Defendant who has such responsibility.**

8.    Please list any and all standards, if any, which pertain to the design, manufacture or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, Defendant states that it neither designs, manufactures nor**

assembles the subject product.  Defendant can state, however, that the subject model circular saw complies with UL standards.

9.    State the name, address and employer of each person known by this defendant to have knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit and state separately and severally the substance of all information or knowledge about the occurrence known to each such person.

RESPONSE:  This Defendant has no information responsive to this question.

10.    State whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance relating to the blade sticking in the open position and/or lower guards sticking in the open position or otherwise of the product described in the complaint, or other similar products.  If so, as to each document, state:

(a)    The title and author;

(b)    The date of publication;

(c)    The substance and content of the document;

(d)    The name, address and job description of the person who has possession of the document.

RESPONSE:  Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, the answer is, yes.  See instruction manual and recall documents attached hereto.

11.    State whether or not this defendant, or anyone to its knowledge, published and/or distributed any brochure, pamphlet, or other printed material which contained warnings

concerning the possibility of injury resulting from the use of the product from the blade sticking in the open position and/or lower guards sticking in the open position referred to in the complaint, or other similar products. If so, state:

      (a)    The date each such document was published or distributed;

      (b)    The verbatim context of the warning or statement;

      (c)    A detailed description of the document which contained the warning;

      (d)    The name, title and address of the person who has custody of the records relating to the brochure, pamphlet or other printed material.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, the answer is, yes. See instruction manual and recall materials attached hereto.**

12.    State whether there were any written instructions and/or warnings accompanying the product described in the complaint and/or similar products sold by this defendant any time up to the present. If so, state:

      (a)    The name and address of each person who prepared the instructions and/or warnings;

      (b)    The verbatim context of the warning or instruction;

      (c)    The manner in which the instructions or warnings were attached to the product, i.e., manner in which they were shipped to the purchaser or user of the said product.

      (d)    Whether the defendant has possession, custody or control of any copies of any such written instructions and/or warnings;

(e)    The physical properties of the warning or instruction, i.e., paper, metal,

plastic coated, etc.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, the answer is, yes. See instruction manual attached hereto and caution plate affixed to circular saw.**

13.    State whether or not this defendant has ever sent any notices, warnings, modified instructions to owners or users of products manufactured and/or sold by this defendant after a new mandatory safety standard has been promulgated. If so, state separately and severally:

(a)    The date such notice, warning or modified instruction was issued;

(b)    The person or company to whom the notice, warning or modified

instruction was directed;

(c)    The name and address of each person or entity having possession, custody

or control of a copy of the notice, warning or modified instruction;

(d)    The safety standard involved or pursuant to which the notice, warning or

modified instruction was issued.

**RESPONSE: Since it is not known what is meant by "new mandatory safety standard," Defendant is unable to respond to this interrogatory.**

14.    State whether or not this defendant ever filed any documents, forms or records with any governmental agency relating to the design, manufacture, assembly, servicing, maintenance, distribution, advertising, or sale of the product described in the complaint or other similar products. If so, state separately and severally:

(a)    The governmental agency with which the document was filed;

(b)    The date on which the document was filed;

(c)    The statute or administrative requirement that necessitated the filing;

(d)    The name and address of each person or entity who or which has possession, custody or control of the document or a copy thereof.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as specifically related to the terminology "similar products." Without waiving said objection, see recall documents attached hereto.**

15.    State whether or not this defendant has ever been cited, criticized, reprimanded, had any correspondence with, public hearings on, or had any legal action taken against it by any public official, governmental agency or body because or alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product referred to in the complaint or similar products. If so, state separately and severally, the details of each action taken including the date, governmental agency involved, nature of the action, reason for the action and disposition.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and specifically related to the terminology "similar products." Without waiving said objection, the answer is, no.**

16.    State whether or not there have been or are now lawsuits pending against this defendant claiming injury or damage due to any alleged defective condition, defect in, or problems regarding the product referred to in the complaint or similar products relating to the blade sticking in the open position and/or lower guards sticking in the open position. If so, state separately and severally:

(a)    The filing date of the lawsuit;

(b)    The court in which the lawsuit was filed;

(c)    The action or court number of the lawsuit;

(d)    The name, address and designation of each part involved;

(e)    A full and complete statement of the substance of all claims and allegations;

(f)    The disposition of the lawsuit.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, Defendant states that it has no lawsuits filed against it relevant to the Model C7SB2 Circular Saw made the basis of this litigation.**

17.    State whether this defendant, or any agent, employee, independent contractor, attorney or other representative of this defendant, ever received any oral or written notices, claims or complaints concerning injuries alleged to have occurred regarding the product referred to in the complaint or similar products including lawsuits. If so, state separately and severally:

(a)    The date of the notice, claim or complaint;

(b)    The name and address of the person, firm or entity giving the notice or making of the claim or complaint;

(c)    The context of the notice, claim or complaint;

(d)    The name and address of the person or entity having possession, custody or control of any document referable to the notice, claim or complaint.

**RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Objection is made to this interrogatory on the grounds that it is overly broad, lacking in**

specificity, and, therefore, is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

18.    Did any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, conduct any test or test study to determine the safety of the product referred to in the complaint or similar products at any time prior to the occasion made the basis of this suit.  If so, state separately and severally:

> (a)    The name of the laboratory, consultant, engineer, person or firm supervising or conducting the test or test studies;
>
> (b)    The date the test or test study was completed;
>
> (c)    Where the test or test study was conducted;
>
> (d)    The manner in which the test or test study was conducted;
>
> (e)    The results of the test or test study.

**RESPONSE:  Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, Defendant does not have information responsive to this question.**

19.    State whether this defendant or any representative of this defendant conducted any recall campaigns or similar activity involving the product referred to in the complaint or similar products, or any component part thereof.  If so, state separately and severally:

> (a)    The date the recall or activity began;
>
> (b)    The purpose of the recall or related activity;
>
> (c)    The type or models of products involved in the recall.

**RESPONSE**: **Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, the answer is, yes.**

      **(a)    March 2003.**

      **(b)    See recall documents attached hereto.**

      **(c)    See recall documents attached hereto.**

20.     State whether this defendant or any agent, employee, independent contractor, or other representative of this defendant had any knowledge whatsoever, prior to the occasion made the basis of this suit, or any hazard, danger or defect existing in the product referred to in the complaint or similar products. If so, state separately and severally:

      (a)    The person having knowledge of the danger, hazard or defect;

      (b)    The exact nature of the danger, hazard, or defect;

      (c)    What steps were taken to correct the danger, hazard or defect;

      (d)    Whether any documents exist relating to the danger, hazard or defect. (If such document exists, please describe in detail).

**RESPONSE**: **Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Objection is made to this interrogatory to the extent that it makes reference to a "defect" existing in the product made the subject matter of this lawsuit. Without waiving said objection, Defendant responds in the affirmative to the remaining portion of the interrogatory.**

      **(a)    The person most knowledgeable concerning the operation of the subject product is Mr. Perry Hackney.**

      (b)      **See instruction manual attached hereto.**

      (c)      **See instruction manual and recall documents attached hereto.**

      (d)      **See documents referenced hereinabove and attached hereto.**

21.    Has this defendant ever made any written warranties on any of the products which it distributes: If so, state separately and severally:

      (a)      The substance of each different type of written warranty made;

      (b)      The period during which said warranty was effective;

      (c)      The verbatim content of the warranty;

      (d)      The manner in which the warranty was communicated to the purchaser of the product.

**RESPONSE: Objection is made to this interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks to elicit information with regard to written warranties on any and all products it has ever distributed for all time. Without waiving said objection, Defendant will state that, as to the subject product, the answer is yes.**

      **(a)      See warranty card and catalog attached hereto.**

      **(b)      See warranty card and catalog attached hereto.**

      **(c)      See warranty card and catalog attached hereto.**

      **(d)      The warranty card was enclosed in the box with the product made the subject matter of this lawsuit.**

HITACHI KOKI, USA, LTD.

By: _Bespie Hopkins_

Its: _General Manager_

STATE OF _Georgia_ )
COUNTY OF _Gwinnett_ )

Subscribed and sworn to before me this
_13th_ day of _March_, 2006.

_Nancy S Smith_
Notary Public

My Commission Expires: _June 10, 2007_

DOCSBHM\1378039\1\

**AS TO OBJECTIONS:**

James B. Carlson (ASB-7129-S78J)
Attorney for Defendant Hitachi Koki, USA, Ltd.

James B. Carlson (ASB-7129-S78J)
Stephen R. Geisler (ASB-8605-E53G)
Attorneys for Defendant Hitachi Koki, USA, Ltd.
E-mail:jcarlson@sirote.com
        sgeisler@sirote.com

OF COUNSEL:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
(205) 930-5100
(205) 930-5101 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the __20__ day of March, 2006:

Rufus R. Smith, Jr., Esq.
Rufus R. Smith & Associates
P.O. Drawer 6629
Dothan, AL  36302-6629
Attorney for Plaintiff

Steven W. Couch, Esq.
Christopher D. Glover, Esq.
Hollis & Wright, P.C.
505 North 20th Street
Suite 1750
Birmingham, AL  35203
Attorney for Plaintiff

Benjamin C. Wilson, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

_____
Of Counsel