IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR GRIFFIN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:05CV771-T** |
| ) | |
| **HITACHI KOKI, USA, LTD.**, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW the Defendant in the above-referenced action, Hitachi Koki, USA, Ltd. ("HKU"), and responds in opposition to Plaintiff's Motion to Compel, stating as follows:

As shown below, HKU answered many of the interrogatories and requests for production identified by Plaintiff in his Motion to Compel. Additionally, as HKU stated in its responses, it did not design or manufacture the subject saw, and is not in the possession, custody or control of the manufacture, design, assembly and testing documents Plaintiff seeks.

Plaintiff has recently obtained leave of Court to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants. Those are the appropriate parties to respond to Plaintiff's discovery regarding design, manufacture, assembly and testing documents.

HKU responds as follows to the specific interrogatories and requests for production set out in Plaintiff's Motion to Compel:

A.   **Subsequent Remedial Measures**

        RFP No. 7. Produce any and all documents of any type whatsoever including, but not limited to, invoices, sales orders, or

>written documents of any type indicating, addressing or growing out of any remedial or subsequent changes made to the saw described in the complaint.
>
>RESPONSE: Objection is made to this request on the grounds that it is overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

The only relevant subsequent remedial measure was the recall. HKU has produced all documents in its possession, custody or control relating to the recall. Plaintiff's counsel acknowledged HKU's production of recall documents in a March 26, 2006 email, which is attached to Plaintiff's Motion to Compel. Plaintiff's counsel stated the following in that email: "Similar saws are saws with model numbers C7SB2 and C7BD2 <u>as is indicated in the recall documents you provided</u>." (Exhibit "B" to Plaintiff's Motion to Compel, p. 2) (emphasis added.) HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of additional documents relating to the recall or recall testing.

**B.  Design, Manufacturer and Assembly Documents**

HKU did not design, manufacture or assemble the subject saw. Other than what has already been produced, HKU is not in the possession, custody or control of information or documents relating to the design, manufacture or assembly of the subject saw.

>Interrogatory No. 4. Describe in detail each and every type of safety device or safety feature designed in the product in the complaint herein and state whether each respective device or feature was incorporated into said product when said product was manufactured and/or assembled by this defendant.
>
>RESPONSE: This Defendant did not manufacture or assemble the subject product. <u>Defendant refers Plaintiff to documents produced in response to Requests for Production concerning safety devices and/or safety features associated with the subject circular saw</u>.

(Emphasis added.)

As shown, HKU answered this interrogatory.

Interrogatory No. 5.   State the name and address of the person(s) and/or employee(s) of this defendant who is most knowledgeable about the design, manufacture and/or operation of the product and any recalls of said product.

RESPONSE:    <u>Mr. Perry Hackney - Operation</u>
<u>Mr. Benjie Hopkins - Recall</u>
<u>Hitachi Koki, USA, Ltd.</u>
<u>3950 Steve Reynolds Boulevard</u>
<u>Norcross, GA  30093</u>

(Emphasis added.)

As shown, HKU answered this interrogatory.

Interrogatory No. 6.   Please list and describe any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded document relating to the design, manufacture or assembly of the product, and separately and severally for each such document:

    (a)    The name and address of the person who authored or formulated the document;

    (b)    The date of the document;

    (c)    The content of the document;

    (d)    The purpose of the document;

    (e)    The name, address and job title of the person who now has custody, control or possession of the document.

RESPONSE: Since this Defendant neither designed, manufactured nor assembled the subject product, it is not in possession of such information.

    (a)    Not applicable.

    (b)    Not applicable.

    (c)    Not applicable.

  (d) Not applicable.

  (e) Not applicable.

HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of the design, manufacture and assembly documents Plaintiff seeks. Plaintiff has recently obtained leave to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants. Those are the appropriate parties to respond to Plaintiff's discovery regarding the design, manufacture and assembly of the subject saw.

  Interrogatory No. 7. State the name, address, employer and job description of the person or persons responsible for incorporating safety devices and safety features relating to the blade sticking in the open position and/or lower guards sticking in the open position or otherwise in the product described in the complaint.

  RESPONSE: Since this Defendant neither designs, manufactures nor assembles the subject product, there is no person employed with this Defendant who has such responsibility.

HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of the information Plaintiff seeks in this interrogatory. Plaintiff has recently obtained leave to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants. Those are the appropriate parties to respond to Plaintiff's discovery regarding the design, manufacture and assembly of the subject saw.

  Interrogatory No. 8. Please list any and all standards, if any, which pertain to the design, manufacture or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

  RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically

>relate to the terminology "similar products." Without waiving said objection, Defendant states that it neither designs, manufactures nor assembles the subject product. <u>Defendant can state, however, that the subject model circular saw complies with UL standards</u>.

(Emphasis added.)

As shown, HKU answered this interrogatory.

>    <u>RFP No. 8</u>.   Produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the product referred to in the complaint.
>
>    <u>RESPONSE</u>:  Defendant is neither the designer, manufacturer nor assembler of the product at issue in this case.  Therefore, it is not in possession of the documents being requested herein.

HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of the design, manufacture and assembly documents Plaintiff seeks.  Plaintiff has recently obtained leave to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants.  Those are the appropriate parties to respond to Plaintiff's discovery regarding the design, manufacture and assembly of the subject saw.

>    <u>RFP No. 9</u>.   Produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the guard system that is incorporated into the product referred to in the complaint.
>
>    <u>RESPONSE</u>:  Defendant is neither the designer, manufacturer nor assembler of the product at issue in this case.  Therefore, it is not in possession of the documents being requested herein.  Defendant directs Plaintiff's attention to recall documents previously referenced and attached.

HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of the design, manufacture and assembly documents Plaintiff

seeks. Plaintiff has recently obtained leave to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants. Those are the appropriate parties to respond to Plaintiff's discovery regarding the design, manufacture and assembly of the subject saw.

> RFP No. 10. Produce each and every document, note, memorandum, item of correspondence or other document relating to any recommendations made by any entity or person, whether they are an agent of this defendant or not, regarding any quality control aspects <u>of this defendants' (*sic.*) manufacturing procedure</u> for this saw or saws similar to the one made the basis of plaintiff's complaint.
>
> RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, Defendant states that since this Defendant does not manufacture the product made the subject matter of Plaintiff's lawsuit or even saws similar to the one that is at issue, this Defendant is not in possession of the documents and things being requested herein.

(Emphasis added.)

This request explicitly asks for documents pertaining to "this defendant's manufacturing procedure," meaning HKU's purported manufacturing procedure. As stated, HKU did not design, manufacture or assemble the subject saw. Consequently, there are no documents responsive to this request.

> RFP No. 11. Produce any and all policy and/or procedure manuals or any written information <u>related to the procedure this defendant follows</u> when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.
>
> RESPONSE: Defendant is not in possession of documents and things being requested herein.

(Emphasis added.)

This request explicitly asks for documents "related to the procedure this defendant follows." As stated, HKU does have any such documents.

RFP No. 13. Produce all engineering change requests or change orders applicable to the saw described in the complaint. Please produce all documents that reflect such changes.

RESPONSE: This Defendant is not in possession of any documents and things that would be responsive to this request.

HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of the design, manufacture and assembly documents Plaintiff seeks. Plaintiff has recently obtained leave to amend his Complaint to add the manufacturer and designer of the subject saw as party defendants. Those are the appropriate parties to respond to Plaintiff's discovery regarding the design, manufacture and assembly of the subject saw.

RFP No. 16. Produce all standards which pertain to the design, manufacture, use or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein. Without waiving said objection, Defendant states that this Defendant is not in possession of such documents.

Upon information and belief, the applicable UL Standard is UL 45. The burden on Plaintiff to obtain UL 45 from United Laboratories is no greater than that on HKU.

RFP No. 18. Produce any and all contracts, including any addendum thereto, between the defendant and any entity in the distributive chain relating to the procurement, manufacture and/or design of the product involved.

>   RESPONSE:  This Defendant is not in possession of any of the documents and things being requested herein**.**

(Emphasis added.)

This request explicitly asks for documents "between the defendant and any entity in the distributive chain." As stated, HKU does have any such documents.

**C.    Similar Products**

>   Interrogatory No. 10. State whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance relating to the blade sticking in the open position and/or lower guards sticking in the open position or otherwise of the product described in the complaint, or other similar products. If so, as to each document, state:
>
>   >   (a)    The title and author;
>   >
>   >   (b)    The date of publication;
>   >
>   >   (c)    The substance and content of the document;
>   >
>   >   (d)    The name, address and job description of the
>   person who has possession of the document.
>
>   RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, the answer is, yes. See instruction manual and recall documents attached hereto.

(Emphasis added.)

As shown, HKU answered this interrogatory.

>   Interrogatory No. 11. State whether or not this defendant, or anyone to its knowledge, published and/or distributed any brochure, pamphlet, or other printed material which contained warnings concerning the possibility of injury resulting from the use of the product from the blade sticking in the open position and/or

lower guards sticking in the open position referred to in the complaint, or other similar products. If so, state:

    (a)    The date each such document was published or distributed;

    (b)    The verbatim context of the warning or statement;

    (c)    A detailed description of the document which contained the warning;

    (d)    The name, title and address of the person who has custody of the records relating to the brochure, pamphlet or other printed material.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." <u>Without waiving said objection, the answer is, yes. See instruction manual and recall materials attached hereto.</u>

(Emphasis added.)

As shown, HKU answered this interrogatory.

Interrogatory No. 12. State whether there were any written instructions and/or warnings accompanying the product described in the complaint and/or similar products sold by this defendant any time up to the present. If so, state:

    (a)    The name and address of each person who prepared the instructions and/or warnings;

    (b)    The verbatim context of the warning or instruction;

    (c)    The manner in which the instructions or warnings were attached to the product, i.e., manner in which they were shipped to the purchaser or user of the said product.

    (d)    Whether the defendant has possession, custody or control of any copies of any such written instructions and/or warnings;

        (e)    The physical properties of the warning or instruction, i.e., paper, metal, plastic coated, etc.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." <u>Without waiving said objection, the answer is, yes. See instruction manual attached hereto and caution plate affixed to circular saw</u>.

(Emphasis added.)

As shown, HKU answered this interrogatory.

<u>Interrogatory No. 14</u>. State whether or not this defendant ever filed any documents, forms or records with any governmental agency relating to the design, manufacture, assembly, servicing, maintenance, distribution, advertising, or sale of the product described in the complaint or other similar products. If so, state separately and severally:

        (a)    The governmental agency with which the document was filed;

        (b)    The date on which the document was filed;

        (c)    The statute or administrative requirement that necessitated the filing;

        (d)    The name and address of each person or entity who or which has possession, custody or control of the document or a copy thereof.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as specifically related to the terminology "similar products." <u>Without waiving said objection, see recall documents attached hereto</u>.

(Emphasis added.)

As shown, HKU answered this interrogatory.

<u>Interrogatory No. 15</u>. State whether or not this defendant has ever been cited, criticized, reprimanded, had any correspondence with, public hearings on, or had any legal action taken against it by any

public official, governmental agency or body because or alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product referred to in the complaint or similar products. If so, state separately and severally, the details of each action taken including the date, governmental agency involved, nature of the action, reason for the action and disposition.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and specifically related to the terminology "similar products." <u>Without waiving said objection, the answer is, no.</u>

(Emphasis added.)

As shown, HKU answered this interrogatory.

Interrogatory No. 16. State whether or not there have been or are now lawsuits pending against this defendant claiming injury or damage due to any alleged defective condition, defect in, or problems regarding the product referred to in the complaint or similar products relating to the blade sticking in the open position and/or lower guards sticking in the open position. If so, state separately and severally:

(a) The filing date of the lawsuit;

(b) The court in which the lawsuit was filed;

(c) The action or court number of the lawsuit;

(d) The name, address and designation of each part involved;

(e) A full and complete statement of the substance of all claims and allegations;

(f) The disposition of the lawsuit.

RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." <u>Without waiving said objection, Defendant states that it has no lawsuits filed against it relevant to the Model C7SB2 Circular Saw made the basis of this litigation.</u>

(Emphasis added.)

>As shown, HKU answered this interrogatory.

>Interrogatory No. 17. State whether this defendant, or any agent, employee, independent contractor, attorney or other representative of this defendant, ever received any oral or written notices, claims or complaints concerning injuries alleged to have occurred regarding the product referred to in the complaint or similar products including lawsuits. If so, state separately and severally:
>
>>(a)   The date of the notice, claim or complaint;
>
>>(b)   The name and address of the person, firm or entity giving the notice or making of the claim or complaint;
>
>>(c)   The context of the notice, claim or complaint;
>
>>(d)   The name and address of the person or entity having possession, custody or control of any document referable to the notice, claim or complaint.
>
>RESPONSE: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Objection is made to this interrogatory on the grounds that it is overly broad, lacking in specificity, and, therefore, is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

This interrogatory is overly broad. It is not limited in time and scope, type of

alleged injury or context.

>Interrogatory No. 18. Did any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, conduct any test or test study to determine the safety of the product referred to in the complaint or similar products at any time prior to the occasion made the basis of this suit. If so, state separately and severally:

(a) The name of the laboratory, consultant, engineer, person or firm supervising or conducting the test or test studies;

(b) The date the test or test study was completed;

(c) Where the test or test study was conducted;

(d) The manner in which the test or test study was conducted;

(e) The results of the test or test study.

<u>RESPONSE</u>: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Without waiving said objection, Defendant does not have information responsive to this question.

HKU did not design, manufacture or assemble the subject saw. However, HKU is of the belief and understanding that the subject model saw is tested to and complied with applicable UL standards.

<u>Interrogatory No. 19</u>. State whether this defendant or any representative of this defendant conducted any recall campaigns or similar activity involving the product referred to in the complaint or similar products, or any component part thereof. If so, state separately and severally:

(a) The date the recall or activity began;

(b) The purpose of the recall or related activity;

(c) The type or models of products involved in the recall.

<u>RESPONSE</u>: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." <u>Without waiving said objection, the answer is, yes.</u>

(a) <u>March 2003.</u>

      (b)    <u>See recall documents attached hereto.</u>

      (c)    <u>See recall documents attached hereto.</u>

(Emphasis added.)

As shown, HKU answered this interrogatory.

<u>Interrogatory No. 20</u>. State whether this defendant or any agent, employee, independent contractor, or other representative of this defendant had any knowledge whatsoever, prior to the occasion made the basis of this suit, or any hazard, danger or defect existing in the product referred to in the complaint or similar products. If so, state separately and severally:

    (a)    The person having knowledge of the danger, hazard or defect;

    (b)    The exact nature of the danger, hazard, or defect;

    (c)    What steps were taken to correct the danger, hazard or defect;

    (d)    Whether any documents exist relating to the danger, hazard or defect. (If such document exists, please describe in detail).

<u>RESPONSE</u>: Defendant incorporates herein by reference its general objections as if set out fully herein and as they specifically relate to the terminology "similar products." Objection is made to this interrogatory to the extent that it makes reference to a "defect" existing in the product made the subject matter of this lawsuit. <u>Without waiving said objection, Defendant responds in the affirmative to the remaining portion of the interrogatory.</u>

    (a)    <u>The person most knowledgeable concerning the operation of the subject product is Mr. Perry Hackney.</u>

    (b)    <u>See instruction manual attached hereto.</u>

    (c)    <u>See instruction manual and recall documents attached hereto.</u>

    (d)    <u>See documents referenced hereinabove and attached hereto.</u>

(Emphasis added.)

As shown, HKU answered this interrogatory.

### D.     Recall Testing

This section of Plaintiff's Motion to Compel does not identify any specific interrogatories or requests for production. HKU has produced all documents in its possession, custody or control relating to the recall. Plaintiff's counsel acknowledged HKU's production of recall documents in a March 26, 2006 email, which is attached to Plaintiff's Motion to Compel. Plaintiff's counsel stated the following in that email: "Similar saws are saws with model numbers C7SB2 and C7BD2 <u>as is indicated in the recall documents you provided</u>." (Exhibit "B" to Plaintiff's Motion to Compel, p. 2) (emphasis added.) HKU did not design, manufacture or assemble the subject saw, and is not in the possession, custody or control of additional documents relating to the recall or recall testing.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Honorable Court enter an order denying Plaintiff's Motion to Compel.

Respectfully submitted,

/s/ Stephen R. Geisler
James B. Carlson (ASB-7129-S78J)
Stephen R. Geisler (ASB-8605-E53G)
Attorneys for Defendant
Hitachi Koki, USA, Ltd.

**OF COUNSEL**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, Alabama 35255-5727
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Rufus R. Smith, Jr., Esq.
    Rufus R. Smith & Associates
    P.O. Drawer 6629
    Dothan, AL 36302-6629
    Attorney for Plaintiff

    Christopher D. Glover, Esq.
    Steven W. Couch, Esq.
    Hollis & Wright, P.C.
    505 North 20th Street
    Suite 1750
    Birmingham, AL 35203
    Attorney for Plaintiff

    Benjamin C. Wilson, Esq.
    Rushton, Stakely, Johnston & Garrett, P.A.
    184 Commerce Street
    P.O. Box 270
    Montgomery, AL 36101-0270

                                            /s/ Stephen R. Geisler_____
                                            Of Counsel