IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV771-MHT |
| | ) | [WO] |
| HITACHI KOKI, USA, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 24 April 2006, the plaintiff, Arthur Griffin ["Griffin"], filed a Motion to Compel production of documents (Doc. # 42), and on 25 April 2006, the defendant responded to the motion (Doc. # 44). Griffin seeks the "design, manufacturing, and recall documents requested whether in the possession of the Norcross firm, Hitachi USA, Hitachi China or Hitachi Japan" (Doc. # 42, p. 2). In its response, the defendant has objected to the specific requests.

In a memorandum included in his motion, Griffin has presented the court with several persuasive legal authorities which buttress his claim that, in the discovery process, a respondent's physical custody or possession of documents or information is not necessarily determinative of the respondent's obligation to produce the documents or provide the information. In cases like this one, involving corporate permutations of essentially the same entity, engaged in the same general business (regardless of independent functions), federal courts have acknowledged, for purposes of responding to discovery, the communal

availability of documents and information to all corporate parents, subsidiaries, and "cousins".

The defendant, on the other hand, has presented no contrary findings or legal authorities for the court's consideration. In general, it relies, instead, on the very ground, i.e., actual possession and custody, that the court finds unpersuasive. Moreover, the defendant's overall responses can arguably be viewed as a reflection of selective cooperation. For example, the defendant has recall documents and instruction manuals which it likely did not author or create, and, at one time, did not possess.

Therefore, upon careful review of the discovery requests, the responses and objections, and Griffin's reply to the objections, it is ORDERED as follows:

1. *Subsequent Remedial Measures*. Defendant's objection to Request No. 7 is SUSTAINED. Griffin's request for "all documents of any type whatsoever" makes the request overly broad, and clearly requests documents in the defendants possession and beyond the defendant's possession. Buttressing the court's conclusions are the defendant's averments that it has "produced all documents in its possession, custody or control relating to the recall" and that "it did not design or manufacture the subject saw".

2. *Design, Manufacturer and Assembly Documents*.

   a. Defendant's objection to interrogatory No. 4 is OVERRULED. The manufacture or assembly of the subject product is not necessarily prerequisite to a response to this question, especially by the defendant.

2

    b.    Defendant's objection to interrogatory No. 6 is OVERRULED. Hitachi USA, as a distributor and as the entity which received the saws for modifications, has access to the documents requested in this interrogatory. Hitachi USA could not effectively modify the saws without ample information about the design and manufacture of the saw. Accordingly, it must respond to the interrogatory.

    c.    Defendant's objection to interrogatory No. 7 is OVERRULED for the reasons previously stated.

    d.    Defendant's objection to Request No. 8 is OVERRULED, for the reasons previously stated. The objection is SUSTAINED to the extent that the plaintiff requests information about "similar products".

    e.    Defendant's objection to Request No. 9 is OVERRULED, for the reasons previously stated.

    f.    Defendant's objection to Request No. 10 is SUSTAINED.

    g.    Defendant's objection to Request No. 11 is SUSTAINED. However, the defendant is CAUTIONED that the court interprets the defendant's response is construed as a **representation that there are no** "policy and/or procedure manuals or any written information related to the procedure that Hitachi USA follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit". If such documents exist, the defendant is DIRECTED to

produce them.

h.  Defendant's objection to Request No. 13 is OVERRULED, for the reasons previously stated.

i.  Defendant's objection to Request No. 16 is OVERRULED, for the reasons previously stated.

j.  Defendant's objection to Request No. 18 is SUSTAINED. However, the defendant is CAUTIONED that the court interprets the defendant's response is construed as a **representation that there are no** "contrats, including any addendum thereto, between the defendant and any entity in the distributive chain relating to the procurement, manufacture and/or design of the product involved." If such documents exist, Hitachi shall produce them.

3. *Similar Products*

   a.  The defendant is DIRECTED to respond to subsection (d) of Interrogatory No. 10.

   b.  The defendant is DIRECTED to respond to subsection (d) of Interrogatory No. 11.

   c.  Defendant's objection to the production of documents related to "similar products" in Interrogatory No. 12 is OVERRULED, and the defendant is DIRECTED to respond. Moreover, to the extent that specific responses to the subsections of the interrogatory cannot be

        found in or on the referenced documents, the defendant is DIRECTED to provide a specific response to each subsection of the interrogatory.

d.   Defendant's objection to the production of documents related to "similar products" in Interrogatory No. 14 is OVERRULED, and the defendant is directed to respond. Moreover, to the extent that specific responses to the subsections of the interrogatory cannot be found in or on the referenced documents, the defendant is DIRECTED to provide a specific response to each subsection of the interrogatory.

e.   Defendant's objection to the production of documents related to "similar products" in Interrogatory No. 15 is OVERRULED, and the defendant is DIRECTED to respond.

f.   Defendant's objection to the production of documents related to "similar products" in Interrogatory No. 16 is OVERRULED, and the defendant is DIRECTED to respond.

g.   The defendant's objection to Interrogatory No. 17 is OVERRULED, and the defendant is DIRECTED to respond in full.

h.   Defendant's objection to Interrogatory No. 18 is OVERRULED, and the defendant is DIRECTED to respond in full.

i.   Defendant's objection to production of documents related to "similar products" and the information requested in Interrogatory No. 19 is OVERRULED, and the defendant is DIRECTED to respond in full.

      j.      Defendant's objection to the information requested in Interrogatory No. 20 is OVERRULED, and the defendant is DIRECTED to respond, with specific responses that do not reference the instruction manual or other documents, in full.

4. *Recall Testing*

With respect to the discovery requests related to recall testing, the parties are DIRECTED to confer determine the plaintiff's precise requests and the defendant's precise responses.

5. *Production and Service Deadlines*

To the extent that the court has directed the defendant to respond to any of Griffin's discovery requests, the deadline for serving the responses upon counsel for the plaintiff is 10 May 2006.

_____

The consumption of the court's resources in the resolution of this discovery dispute has been excessive. The court reasonably expects that counsel with the expertise and experience of the parties' counsel in this case will cooperate one with the other and engage in good faith discovery and provide reasonable and prompt responses to requests for documents or information. That has not occurred in this case.

A few years ago, this court forwarded to every lawyer admitted in this district copies of the General Order adopted on 8 January 1999 on Standards For Professional Conduct,

adopted by the Alabama Trial Lawyers Association and the Alabama Defense Lawyers Association. Included among the "Lawyers' Duties To Other Counsel" is the obligation to "make good faith efforts to resolve by agreement . . . objections to matters contained . . . discovery requests and objections". The Standards also require lawyers practicing in this district to "respond to document requests reasonably" and to "base discovery objections on a good faith belief in their merit [rather than objecting] solely for the purpose of withholding or delaying the disclosure of relevant information".

Counsel in this case are strongly ADVISED to review the General Order and the referenced standards. Although the discovery requests and responses reviewed by the court in this case evinced several practice deficiencies, the court emphasizes the following:

1. *Counsel for the Plaintiff.* Counsel for the plaintiff is advised to review Standard 6, regarding the propounding of interrogatories. It provides, in pertinent part:

   > Interrogatories should be concise, focused, objective and unambiguous. They should not be argumentative or used for cross-examination, nor should they impose unreasonable burdens on the responding party.

   Phrases like "any and all" and "each and every" mean no more than "all" and "each", respectively, but their constant use predictably gives the appearance of a broad, far-ranging request, and symbolically imposes upon the respondent potential liability for omitting even a scintilla of information that might be considered relevant. More importantly, if "any and all" of the documents on

>a given subject are not required, the requester should refrain from asking and, instead, perform the more difficult task of specifically framing the question in a manner designed to elicit the precise information needed.

>2. *Counsel for the Defendant.* Standard 5(b) requires a respondent to interrogatories to
>
>>see that the response (i) fairly meets and complies with the discovery request and (ii) does not impose unnecessary burdens or expense on the requesting party.
>
>Thus, when Griffin asked in Interrogatory No. 12 for "[t]he verbatim context of the warning or instruction", he was entitled to have the defendant isolate or identify the warning(s) or instruction(s) upon which it intends to rely, rather than simply advising Griffin to "[s]ee instruction manual and recall materials", either one or both of which probably include numerous warnings.

Counsel in this case are admonished that, contrary to the appearance of theirs and countless other exchanges reviewed by this court each year, discovery is not a game. It is not a series of search-and-destroy missions, with rules of engagement the mastery of which guarantee certain victory. To be sure, strategic considerations are vital to propounding and responding to discovery requests; however, Congress and the several Advisory Committees to the Federal Rules of Civil Procedure have made it clear that the design outcome of the discovery rules is ***disclosure,*** not ***concealment***. Parties who fail to understand that simple function of the rules invite judicial ire and risk the imposition of sanctions.

To facilitate the court's warnings, the court CAUTIONS the parties to confer on any remaining disputes (or any disputes not specifically addressed in this order) to resolve them forthwith. The court will impose monetary sanctions *sua sponte* upon any party who is found hereafter to have been unreasonable in making requests or withholding responses.

DONE this 26th day of April, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE